**EMMA CERNY, individually and as Administratrix of the Estate of Frank Cerny, deceased, v. ALICE CERNY, unmarried.**

11 So. (2nd) 777                                    January Term, 1943
February 2, 1943                                         Division A

*Arthur J. Nelson,* for plaintiffs.

*B. M. Skelton,* for defendant.

TERRELL, J.:

In April, 1934, Frank Cerny opened a checking account with the Union Trust Company of St. Petersburg, which he carried until April 2, 1941, when it was changed by signature card to the name of "Frank Cerny or Alice Cerny," the latter being the niece of the former. In August, 1941, Frank Cerny died, at which time there was $2,653.09, in the account. Alice Cerny immediately drew $2,000 and attempted to pay bills for funeral, hospital, and other expenses aggregating $644. At the time of his death, Frank Cerny was indebted to his wife in the sum of $2500 which was evidenced by a promissory note.

Emma Cerny individually and as administratrix of the estate of Frank Cerny brought suit against Alice Cerny to recover the amount due her. Emma Cerny then died and Leon C. Hasek was appointed and qualified as the executor and administrator of her estate. So the real contest is between the beneficiaries under the will of Emma Cerny and Alice Cerny.

At this point, the circuit court under Rule 38 certified the following question to this Court:

"Does the writing on the signature card ipso facto constitute a contract which entitles the survivor to the money on deposit at death as against the deceased depositor's heirs, creditors, or personal representatives of his estate?"

The signature card changing the account to the name of "Frank Cerny or Alice Cerny" provides that all sums deposited to their credit shall be payable to either or the survivor and that payment on the check of either or the survivor shall be a valid discharge of the bank from all liability.

The plaintiff contends that the signature card does not constitute a contract entitling the survivor to the amount on deposit at the death of Frank Cerny but that such funds should be distributed under the statute of descents. The defendant

contends on the other hand that the signature card constitutes a binding contract by which the amount on deposit at the death of Frank Cerny passed to her and was no part of the estate of Frank Cerny.

So the real question for solution is the legal effect of the signature card. No question of fraud, undue influence, insolvency or overreaching in procuring the signature card is presented or considered. At the time it (signature card) was executed, Section 5482, Compiled General Laws of 1927, provided that the right of survivorship where real estate or personal property is held by joint tenants shall not prevail. This section was modified by Chapter 20954, Acts of 1941, now Section 689.15, Florida Statutes 1941, but not so as to affect this case.

The signature card provides that the funds on deposit shall be "payable" to either or the survivor but since the purpose of such agreements is to comply with Section 653.16 Florida Statutes of 1941 relating to banking regulations, they will not be construed as vesting title or creating a right of survivorship on the part of a joint depositor unless it contains unequivocal language to show that the survivor of two persons having a joint bank account takes title at the death of the other. The signature card in question does not show this so it will be construed as nothing more than a banking facility.

Having reached this conclusion, it follows that the question presented by the certificate must be answered in the negative.

BUFORD, C. J., CHAPMAN, and ADAMS, JJ., concur.