85 So.2d 726 (1956)
Felton SEYMOUR, Appellant,
v.
Richard Henry SEYMOUR, Administrator of the Estate of Euphemia Seymour, Appellee.
Supreme Court of Florida. Division A.
March 2, 1956.
Holland & Smith, West Palm Beach, for appellant.
F. Malcolm Cunningham, West Palm Beach, for appellee.
HOBSON, Justice.
Euphemia Seymour opened a savings account in the First National Bank of Palm Beach, Florida. The signature card bore the statement: "Euphemia Seymour in trust for Felton Seymour." The passbook bore an identical statement. Felton Seymour is Euphemia Seymour's son.
Euphemia Seymour made deposits and withdrawals from this account from time to time. She died on or about August 20, 1955, leaving $2,055.34 in the account, which the administrator claimed as part of the estate of Euphemia Seymour, whereupon Felton Seymour petitioned for a decree declaring that he was entitled to the monies on deposit in this account.
The controversy was decided upon the facts set up in the complaint, answer, and exhibits, and after argument of counsel. The chancellor entered a final decree directing that the savings account be paid to the administrator of the estate of Euphemia Seymour. From the decree so entered, Felton Seymour takes this appeal.
Appellant contends that a tentative trust was created by his mother during her lifetime which became irrevocable upon her death, since no showing was made that she had revoked the trust before she died. F.S. Sec. 659.30, F.S.A., reads as follows:
"Bank or trust company deposits made by any person describing himself and making such deposit as *727 trustee for another, and no other or further notice of the existence and terms of a legal and valid trust than such description shall have been given in writing to such bank, in the event of the death of the person so described as trustee, such deposit, or any part thereof, together with the dividends or interest thereon may be paid to the person for whom the deposit was thus stated to have been made."
As the circuit judge observed, and as we have held, the banking laws, of which the foregoing is a section, were designed primarily to regulate banks and are not necessarily conclusive of the ownership of deposited money. In this case, however, the situation with which we are confronted is a typical "Totten trust". The "Totten trust" doctrine was definitely stated in In re Totten, 179 N.Y. 112, 71 N.E. 748, 752, 70 L.R.A. 711. In that case the operation of the doctrine was described as follows:
"A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." (Emphasis added.)
This well-known common-law doctrine has been adopted in many jurisdictions. See Annotations, 38 A.L.R.2d 1244, Sec. 1, and 91 A.L.R. 105; 7 Am.Jur., Sec. 438, pp. 309-310, and Restatement of Trusts, Sec. 58. We accept it without hesitation. Thus in the present case even if there were no statute the prevailing common-law doctrine would, upon the showing made here, require the money on deposit to be paid to the beneficiary, Felton Seymour.
Nothing in Cerny v. Cerny, 152 Fla. 333, 11 So.2d 777, pertaining to a joint account, is inconsistent with this result. The considerations here are different, and it appears that Euphemia Seymour unequivocally expressed an intention to create a trust and took no steps during her lifetime, revealed by this record, which would rebut the presumption which arose by virtue of her initial act.
It follows that the final decree appealed from must be, and it is hereby, reversed and the cause remanded with directions to pay the amount on deposit in the subject account to the appellant, Felton Seymour.
It is so ordered.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.