**In re Jack J. MIMS, Debtor.**

**Jack J. MIMS, Plaintiff,**

**v.**

**COMBANKS CORPORATION, d/b/a ComBank of Union Park, Defendant.**

**Bankruptcy No. 82–759–Orl–BK–GP. Adv. No. 83–17.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Sept. 20, 1983.

Michael Price, Orlando, Fla., for plaintiff.

Marvin E. Rooks, Casselberry, Fla., for defendant.

MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

The plaintiff in this adversary action, Jack J. Mims, filed an individual voluntary petition in bankruptcy in this Court on August 3, 1982. On July 29, 1982, i.e., within ninety (90) days of plaintiff's filing of the petition, the defendant, ComBanks Corporation, under color of exercising its right of set-off, seized the funds in plaintiff's savings account number 43007219, i.e., $1,143.08. The seizure was in partial satisfaction of plaintiff's delinquent automobile loan from the defendant. The plaintiff has brought this action to recover the seized funds as a preference under 11 U.S.C. § 522(h).

It is the defendant's position that its exercise of set-off does not constitute a preference because the funds were held as a valid inter vivos trust, whose trustee and settlor was Jack Mims and whose beneficiary was his daughter, Melinda Mims.

According to the plaintiff, the savings account was held as a Totten Trust, also known as a tentative or bank account trust, and as such was ordinary property of the

estate, against which the defendant's set-off constitutes a preference.

The complaint alleges the existence of a trust and the answer specifically admits that the bank savings account in question was "... in the name (sic) of Jack J. Mims and Patsy Mims in trust for Melinda Mims." Although there is no direct evidence on the point we presume the existence of a signature card or comparable document indicating the "trust" nature of the account; and no evidence was adduced of any separate declaration of trust, formal or informal, oral or written, we deem it admitted in the pleading that the plaintiff intended the account to be held for his daughter's benefit and that a notation that the account was held "in trust" was in existence at the time of the set-off.

Our threshold inquiry is whether classification of the subject bank account as a Totten Trust, or alternative an ordinary inter vivos trust, presumably created by oral declaration, is likely to make a difference in the outcome.

Section 541(a) of the Bankruptcy Code calls for the inclusion in the bankruptcy estate of "... all legal or equitable interests of the debtor in property as of the commencement of the case." Cases construing this section with respect to inclusion of trust interests where the debtor is the trustee and the beneficiary is a third party indicate that the most which becomes part of the estate is the interest which the debtor-trustee has, i.e., bare legal title. Such title passes into the estate subject to the equitable interests of the beneficiary. *Matter of Langley*, 30 B.R. 595 (Bkrtcy.N.D.Ind. 1983); *Travelers Insurance Co. v. Angus*, 9 B.R. 769 (Bkrtcy.D.Or.1981); *In re Wyatt*, 6 B.R. 947 (Bkrtcy.E.D.N.Y.1980).

A Totten trust, on the other hand, in that it does not create a split of legal and equitable title between the trustee and the beneficiary, cannot be viewed as in any way qualifying the estate's control of property which meets other criteria for inclusion in the estate.

It is a cardinal characteristic of the Totten or tentative trust that while it is effective as a testamentary device upon the death of the depositor, it leaves the subject property within reach of the depositor's creditors during his lifetime. *In re Totten*, 179 N.Y. 112, 71 N.E. 748 (1904); *Seymour v. Seymour*, 85 So.2d 726 (Fla.1956).

Thus there is a clear and material distinction between the rights of the parties under the Totten Trust doctrine on the one hand and under the law governing ordinary inter vivos trusts on the other.

In the leading Florida case decided on the subject of Totten Trusts subsequent to the adoption of F.S. 689.075 in 1969, *Litsey v. First Federal Savings and Loan Association of Tampa*, 243 So.2d 239 (Fla.App.1971), the court held, at 241, that "The Totten Trust doctrine is a firmly established rule of law in Florida." In readopting the "doctrine" with no stated qualifications, we must assume that the Court intended the limitations, as well as the benefits, of the Totten Trust device to have continuing vitality. Thus the vulnerability of the account to the depositor's creditors, and indeed the absence of the true trust characteristic of separation of legal and equitable title, continue with respect to Totten Trusts in Florida. A finding of Totten Trust status poses no obstacle to the full inclusion of bank account funds in a bankruptcy estate.

As to whether the facts before us meet the criteria for creation of a Totten Trust (as opposed to an inter vivos trust or some other entity) we rely on *Litsey, supra.* In that case, the Court construed a card accompanying each of the subject accounts which bore the information that the account was held in trust for an individual, a "trust account" number, and the name of the depositor, without more, to give rise to the presumption of a Totten Trust. The facts before us are sufficiently analogous for the Court to conclude that the savings account was, at most, a Totten Trust.

The defendant argues that an interpretation of the account as an inter vivos trust is supported by Mr. Mims' non-user of his retained powers in the bank account, i.e., his not having withdrawn funds from the

account, etc., and also by his subjective understanding, testified to at trial, that the money was not his but was rather held for his daughter's benefit. It is true in Florida that retention and use of broad powers by the trustee do not invalidate an otherwise valid inter vivos trust if that trust is created by written declaration, F.S. 689.075(1) and (3). However, we have no basis in Florida law for believing that an entity which does not otherwise qualify as an inter vivos trust will be transformed into one by such non-action or subjective belief.

Thus we held that the savings account in question is properly property of the estate under 11 U.S.C. § 541(a) and recoverable by the plaintiff for the estate subject to his exemption rights, if any.