DELL, Judge.
Gerald A. Kearney appeals from a final judgment of garnishment. The garnishment action followed a default judgment which reduced a New York judgment in favor of appellee Unibay Company, Inc. (Unibay) to a Florida judgment.[1]
In 1981, appellant purchased two certificates of deposit from the garnishee, Glendale Federal Savings and Loan Association (Glendale), in the combined amount of $31,-000. Unibay served Glendale with a writ of garnishment. Glendale filed an answer stating that it was indebted to appellant in the amount of the certificates of deposit and also stated that Rigmore J. Kearney (appellant’s wife) had, or appeared to have an ownership interest in the accounts. Shortly thereafter, Glendale amended its answer and stated that both accounts were “held in trust for the benefit of Mary L. Wormley.” Unibay sent a notice of garnishment to Mrs. Wormley at her residence and another to her in care of appellant, her attorney. However, Mrs. Wormley did not file an affidavit and claim in the pending garnishment proceedings pursuant to Section 77.16(3), Florida Statutes (1983).[2]
Appellant contends the trial court erred in subjecting the funds to garnishment because Mrs. Wormley actually owned the funds held by Glendale, and that she had directed him to purchase the certificates. In the garnishment proceeding, appellant testified that Mary Wormley received $104,000 from the settlement of the Scott Joplin Estate and that he, acting as her attorney, initially kept the settlement funds in an account in the Citibank in New York in her name. Appellant estimated that of this amount, approximately $15,000 went to his former associate for attorney’s fees; he invested $30,000 in gold and silver for Mrs. Wormley; and he received $30,000 in attorney’s fees. Appellant testified that he deposited the balance with Glendale in trust for Mrs. Wormley, and introduced into evidence a letter from Mrs. Wormley dated May 31st, 1981 which allegedly directed him to purchase the certificates of deposit. Mrs. Wormley’s testimony however, did not support appellant. It established that appellant had her sign the letter after commencement of this garnishment proceeding, approximately two years later than the date shown on the letter. Further, Mrs. Wormley’s testimony clearly demonstrates she had no knowledge of the deposit of the funds in Florida.
Appellee contends that the accounts constituted Totten trusts, which may be reached by garnishment. In re: Totten, 179 N.Y. 112, 125-126, 71 N.E. 748, 752 (N.Y.App.1904) first defined the Totten trust:
A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust, merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration such as delivery of the passbook or notice to the beneficiary.
Litsey v. First Federal Savings & Loan Association of Tampa, 243 So.2d 239 (Fla. 2d DCA 1971) established the Totten trust doctrine as a rule of law in Florida. A Totten trust can be reached by the creditors of the depositor.
Since the depositor has complete control over the deposit during his lifetime, however, he is treated as the owner insofar as his creditors are concerned. His creditors can reach the deposit while he is living, and can reach it as part of his estate on death.
Scott on Trusts § 330.12.
Even though appellant placed the accounts “in trust for Mary Wormley,” he failed to *273 demonstrate that the funds belonged to her or that he held them pursuant to a valid trust relationship.
Alternatively, appellee suggests that the accounts may contain Mrs. Wormley’s funds, which appellant converted to his own use. If so, “a deposit which amounts to a conversion by the depositor may be reached as his property.” See Ginsberg v. Goldstein, 404 So.2d 1098, 1100 (Fla. 3d DCA 1981) (quoting with approval from 38 C.J.S. Garnishment, Section 80 (1943)). Under either theory the trial court correctly subjected these funds to garnishment. Our review of the record compels us to note our concern that no one has filed a motion to intervene on behalf of Mrs. Wormley. Although appellant’s counsel represented at oral argument that he had filed or intended to file some form of pleadings, presumably in the trial court, on her behalf, counsel failed to disclose the nature of those pleadings. Frankly, we do not understand how counsel for appellant proposes to represent both Mrs. Wormley and appellant in this case. Without intervention by Mrs. Wormley, we have no basis to reverse and remand this case for further proceedings to determine Mrs. Wormley’s interest, as we did in Antuna v. Dawson, 459 So.2d 1114 (Fla. 4th DCA 1985). Unfortunately, because of the absence or inadequacy of counsel, whichever the case may be, we must affirm the judgment of the trial court in all respects.
AFFIRMED.
ANSTEAD, C.J., concurs.
LETTS, J., concurs specially with opinion.

. Appellant Kearney filed an appeal from that judgment in Kearney v. Unibay Company, Case No. 83-2045. Kearney dismissed that case at oral argument.

. We note that an attorney, who has now withdrawn, filed an affidavit and claim pursuant to Section 77.16(3), Florida Statutes (1983), after entry of final judgment. That attorney did not file a motion to intervene. The record fails to disclose any action taken either in the trial court or in this court to pursue her claim.