**In re Quilvio Jose CASANOVA, Debtor.**

**William ROEMELMEYER,**
**Trustee, Plaintiff,**

v.

**Olga CASANOVA, and City Federal Savings & Loan Association, Defendant.**

**Bankruptcy No. 86–01274–BKC–AJC.**
**Adv. No. 86–0744–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

April 16, 1987.

Arthur S. Weitzner, Miami, Fla., for trustee.

Richard Beiley, Miami, Fla., Olga Casanova, Steven Dell, City Federal, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW.

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER was tried before the undersigned Bankruptcy Judge on April 8, 1987. The court having considered the pleadings, evidence and the demeanor of the witnesses testifying in this matter and further having heard argument of counsel for the respective parties makes the following Findings of Fact and Conclusions of Law.

This adversary proceeding was brought by the Trustee pursuant to Bankruptcy Rule 7001(1) seeking the avoidance of transfers and injunctive relief. The adversary proceeding was commenced on December 11, 1986. In conjunction with the commencement of this proceeding, the Trustee moved for and obtained a temporary restraining order enjoining the Defendants from transferring in any manner whatsoever the property which is the subject matter of this proceeding. The temporary restraining order was served on the Defendants on December 12, 1986, and, in the form of a preliminary injunction which was entered on December 23, 1986, has remained in full force and effect to this date.

The Plaintiff is the Trustee of QUILVIO JOSE CASANOVA having been initially appointed interim Trustee on June 4, 1986. The Trustee became permanent Trustee at the § 341 meeting held on November 3, 1986. The Defendant, OLGA CASANOVA is the wife of the Debtor and is an insider as defined by Bankruptcy Code § 101(30). The Defendant CITY FEDERAL SAVINGS & LOAN ASSOCIATION was joined as a stake holder in this proceeding and pursuant to terms of the preliminary injunction is holding a sum of money pending disposition of this adversary proceeding.

The bankruptcy proceedings were commenced on May 5, 1986 when creditors, pursuant to Bankruptcy Code § 303, filed involuntary proceedings against the Debtor. Although relief has been ordered, the Debtor who invoked his constitutional rights against self incrimination, has refused to testify and has failed to file schedules. At the time of the commencement of the insolvency proceedings, the Debtor owned property consisting, in the main, of a bank account at the Bank of Boston International South. The Debtor's account which had been in existence for some time was established as follows: JOSE QUILVIO CASANOVA i/t/f OLGA MARIA CASANOVA QUIROS & JOSE CASANOVA QUIROS. On February 21, 1986, the Debtor utilized the foregoing account as collat-

eral to purchase a cashier's check in his name without any indication of trust capacity in the amount of $200,000.00. This check together with the remaining balance of the account and additional liquid assets also were transferred by the Debtor to the Defendant, OLGA CASANOVA subsequent to the commencement of this proceeding.

On June 20, 1986 the Defendant, OLGA CASANOVA learned of the fact of her husband's bankruptcy proceedings and of the appointment of the Trustee. This information was learned during a visit by OLGA CASANOVA to the United States Custom's House in Philadelphia, PA in an effort to retrieve certain property of her husband that had been seized by customs. Customs refused delivery due to the competing demand of the Trustee which was disclosed to OLGA CASANOVA.

Three days later, OLGA CASANOVA traveled to Miami, negotiated the $200,-000.00 cashier's check together with other funds on deposit with the Bank of Boston and transferred all of this property to an account she had opened at a branch of CITY FEDERAL SAVINGS & LOAN ASSOCIATION, the additional Defendant. The aggregate of all transfers including interest earned thereon through the time of the serving of the temporary restraining order is the sum of $301,042.85.[1]

OLGA CASANOVA has testified that the vast majority of the funds transferred to this account have been returned to the Debtor. Certain additional funds, unspecified in amount, have been used by her for personal living expenses. Virtually all of the transfers from the account were made after learning of the appointment of the Trustee. At the time of the service of the temporary restraining order, the account at

CITY FEDERAL SAVINGS & LOAN ASSOCIATION had been depleted to the remaining balance of $1,864.67. Three days before the service of the restraining order, the Defendant obtained from CITY FEDERAL three cashier's check in the total of $33,000.00 which were in her possession at the time of the service of the restraining order. These checks were deposited the following week to a new account at New Jersey National Bank. With the exception of $5,417.29, the balance of the $33,000.00 was transferred to the Debtor in violation of the restraining order.[2]

■ Based upon the foregoing facts, the court concludes as a matter of law that the Trustee is entitled to avoid the aforestated transfers from the Debtor to his wife. The defense that the property transferred was not property of the estate but was trust funds and therefore excluded pursuant to Bankruptcy Code § 541(c) is specifically rejected. The court finds that the account in question was in the nature of "Totten Trust". Florida, which recognizes the concept of a Totten Trust, has long provided that trust is tentative in nature and only becomes valid upon the death of the settlor. See *Seymour v. Seymour*, 85 So.2d 726 (Fla.1956); See *First National Bank of Tampa v. First Federal Savings & Loan Association of Tampa*, 196 So.2d 211 (Fla. D.C.A.2d 1967). In this case, the account remained subject to the unrestricted use by the Debtor and was in fact utilized in an unrestricted fashion including the obtaining of a cashier's check in the Debtor's name. Accordingly, the court concludes that the property transferred was not trust property but was property of the estate. Accordingly, the argument that the transfer was from one trustee to another trustee

1. This amount has been determined through the review of deposits to the account at City Federal together with interest earned thereon and the admitted cash receipt by OLGA CASANOVA from the Bank of Boston account. Already excluded from this determination are certain admitted (by the Trustee) deposits of OLGA CASANOVA'S salary and a cash advance on OLGA CASANOVA'S credit card in the amount of $5,500.00. As explained at the time of the hearing, the foregoing figure may be further adjusted if, within ten (10) days of the date hereof, the

Defendant can document to the satisfaction of the court additional deposits the source of which is her separate property.

2. Although this act in defiance of the restraining order might constitute contempt of court, the court will not impose sanctions for this violation for the reason that the terms of the judgment are sufficient to punish any wrongdoing in this matter.

(Totten Trustee) must fail as the property was never trust property. Furthermore, the proposition of the Defendant that the cashier's check was negotiated and delivered to the Defendant approximately one month prior to the commencement of this proceeding is irrelevant because the Debtor was insolvent at the time of the transfer and there was no consideration in exchange for the transfer.

■ The court concludes, that in the totality, the transfer from the Debtor to his spouse was part of a scheme of the Debtor and his spouse to defraud his creditors. As either a prepetition fraudulent transfer or as a postpetition transfer, there is no defense to avoidance of the trustee and imposition of liability on the transferee. The court finds that the transfer is properly classified as a postpetition transaction. Bankruptcy Code § 549 provides that the Bankruptcy trustee may avoid a transfer of the property of the estate made after the commencement of the case with the exception that in an involuntary case a transfer made after the commencement of the case but before the order for relief is valid against the trustee if given in exchange for *current value.* Bankruptcy Code § 550 provides that the Trustee may recover from the transferee the property transferred or the value of the property in the form of a monetary judgment.

Based upon the foregoing, the court concludes that the Defendant CITY FEDERAL SAVINGS & LOAN ASSOCIATION is holding property of the estate in the sum of $1,864.67 and will be directed to turnover said amount to the Trustee less the agreed upon reasonable counsel fees for this Defendant in the amount of $250.00. OLGA CASANOVA admits current possession of the sum of $5,417.29 which will be directed to be turned over to the Trustee. After crediting the foregoing amounts a judgment will be entered against OLGA CASANOVA for the remaining balance of the transfers in the amount of $294,010.89 with the provision that said judgment results from the willful cooperation of OLGA CASANOVA in a fraud with the Debtor in this proceeding, it being the intention of the court order that said judgment be nondischargeable within the meaning of Bankruptcy Code § 523 in the event that the Defendant OLGA CASANOVA enters bankruptcy proceedings.

Pursuant to Bankruptcy Rule 9021, a separate final judgment will be entered in accordance herewith. The final judgment will provide that each party bear its own costs.