511 So.2d 340 (1987)
Victoria C. ABBALE, Guardian of the Property of Marina Ramona Cabanelas, Deceased, Appellant,
v.
Javier LOPEZ and Estrella Cabanelas, Appellees.
No. 86-2135.
District Court of Appeal of Florida, Third District.
June 30, 1987.
As Corrected August 18, 1987.
Rehearing Denied October 5, 1987.
Joyce M. Siemon, North Miami Beach, L. Michael Osman, Hialeah Gardens, for appellant.
Harold M. Braxton and Patricia Ann Ash, Miami, for appellees.
Before BARKDULL, NESBITT and PEARSON, DANIEL, S., JJ.
BARKDULL, Judge.
Armando Cabanelas opened two savings accounts in the name Armando Cabanelas and Marina Ramona Cabanelas,[1] as trustees for Javier Lopez. He also opened two accounts in the name Armando Cabanelas and Marina Ramona Cabanelas, as trustees for Estrella Cabanelas. Armando died. Marina Ramona Cabanelas was declared incompetent and the appellant was appointed guardian of her property. Angelica Lopez was appointed guardian of the person of Marina Ramona Cabanelas. Marina then died. Her son, Jose Montes de Oca, then became personal representative of her estate. Both he and the appellant asserted a claim to the funds which were the subject matter of the trust. The trial court held that Armando and Marina were in effect co-trustees of "Totten trusts"[2] and upon *341 the death of the surviving trustee, the trust enured to the benefit of the beneficiaries. We agree and affirm.
Section 737.404(2), Florida Statutes (1985), states in part:
737.404 Powers exercisable by joint trustees: liability
(2) If two or more trustees are appointed to perform a trust and any of them is unable or refuses to accept the appointment or, having accepted, ceases to be a trustee, the surviving or remaining trustees shall perform the trust and succeed to all the powers, duties, and discretionary authority given to the trustees jointly.
See also Lowell & Grimsley, Florida Law of Trusts Sec. 4-6 (3d ed. 1984).
Several cases underline this general principle. In Douglas Properties v. Stix, 118 Fla. 354, 159 So. 1 (1935), the court stated that death or resignation of one trustee does not defeat the trust; rather the duties and powers of the trusteeship devolve upon the remaining trustee. See also Bank of Delaware v. Bancroft, 269 A.2d 254, 255 (Del. Ch. 1970) (same).
In one of the leading Totten trust cases, Seymour v. Seymour, 85 So.2d 726 (Fla. 1956), the supreme court found that a totten trust was established. In Seymour the bank signature card read "Euphemia Seymour in trust for Felton Seymour." The court held this to be a valid Totten trust, finding that Euphemia, the sole depositor, had died before Felton, the beneficiary, and no revocation of the trust had been made.
The principles of Seymour can be applied to the instant case. Here, the husband had, in essence, established a totten trust: he alone established the accounts in his name and his wife's name as trustees for another. The wife was unaware of some of the trusts, she received no benefit from them, nor did she obtain the passbook or any other item which would evidence that the husband intended to relinquish control or make a gift to her. Additionally the husband did not revoke the trust during his lifetime so that upon his death it continued to operate as a trust for the beneficiary. The wife did not acquire any survivorship rights in the res as section 737.404 states the surviving trustee succeeds to the duties given to the trustees jointly. Finally, since her powers as trustee did not include the express power to revoke the trust, the wife could not do so. See Bumbaugh v. Burns, 635 S.W.2d 518, 520-21 (Tenn. App. 1982). Rather the trust continued to exist until the wife died, then the res should have been distributed to the named beneficiaries as intended by the husband.
We reject the argument that because Marina did not sign as trustee on some of the accounts, that upon the death of Armando she became the sole owner of these accounts pursuant to section 665.063(1), Florida Statutes (1985). If she did not sign, this fact would not make her a co-owner. At most her status as a named co-trustee was a nullity and mere surplusage and upon Armando's death the beneficiaries were then immediately entitled to the proceeds of the trust.
We also reject the argument that when the accounts were opened upon which Marina signed, she became a co-owner of the assets not subject to any trust and became immediately entitled to the money in the accounts. The word "trustee" obviously evidences possession and control in her as a fiduciary and not as an individual owner.
Therefore, the final judgment under review be and the same is hereby affirmed.[3]
Affirmed.
NOTES
[1] Marina was Armando's wife.
[2] See Seymour v. Seymour, infra; First National Bank of Tampa v. First Federal Savings & Loan Association of Tampa, 196 So.2d 211 (Fla. 2d DCA 1967).
[3] The record herein reveals that the appellant withdrew the funds from account number XXXXXX contrary to the trial court's order of April 24, 1985. Inasmuch as the trial court found, and we have affirmed, that the proceeds of this account are the property of Estrilla Cabanelas, upon remand the trial court is directed to order the appellant to make restitution of those funds.