BASKIN, Judge.
Lourdes Rodriguez Lopez, personal representative of the Estate of Isabel Rodriguez, appeals from orders dismissing the estate’s claims against defendants Carlos Rodriguez and Southeast Bank, N.A. We affirm.
Clemente Rodriguez and his wife, Isabel Rodriguez, established Totten trust accounts[1] at Southeast Bank, N.A. The joint accounts were titled, “Clemente Rodriguez and/or Isabel M. Rodriguez, his wife, in trust for Carlos Rodriguez.” Carlos was Clemente’s son; he was not adopted by Isabel. Subsequently, Clemente shot and killed Isabel and then killed himself. Thereafter, the bank released the funds to Carlos. Lopez, as personal representative, filed a multi-count action against Carlos Rodriguez to recover the funds and a claim against the bank to obtain damages for the wrongful release of the funds.[2] Carlos and the bank filed motions to dismiss the counts pertaining to the bank accounts; the trial court dismissed those counts.
Citing section 732.802(2), Florida Statutes (1989), Lopez contends- that Clemente's act of killing Isabel revoked the trusts, entitling Isabel’s heirs to receive her 50% interest in the funds. We find no merit in the contention.
Section 732.802(2) provides that a “joint tenant who unlawfully and intentionally kills another joint tenant effects a severance of the interest of the decedent so that the share of the decedent passes as the decedent’s property and the killer has no rights by survivorship.” The statute does not provide that the killing effects a revocation or disaffirmance of a Totten trust. Moreover, the rules of statutory construction preclude this court from rewriting section 732.802(2) to effect such a revocation. Capoccia v. Capoccia, 505 So.2d 624 (Fla. 3d DCA 1987). It is well settled that absent a settlor’s revocation or disaffirmance, “the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.” Seymour v. Seymour, 85 So.2d 726, 727 (Fla.1956) (emphasis deleted) (quoting In re Totten, 179 N.Y. 112, 71 N.E. 748, 752 (N.Y.1904)); Litsey v. First Fed. Sav. & Loan Ass’n, 243 So.2d 239 (Fla. 2d DCA 1971); see Sanchez v. Sanchez De Davila, 547 So.2d 943 (Fla. 3d DCA 1989). Whether a revocation or disaffirmance has occurred depends on the settlor’s intent. Euart v. Yoakley, 456 So.2d 1327 (Fla. 4th DCA 1984); Litsey; see Terner v. Rand, 417 So.2d 303 (Fla. 3d DCA 1982). Lopez does not allege that during her lifetime Isabel took any steps that would indicate she intended to revoke or disaffirm the trust. Seymour; Serpa v. North Ridge Bank, 547 So.2d 199 (Fla. 4th DCA 1989). Accordingly, we conclude that Lopez does not state a cause of action to set aside the trust on that ground.
Lopez also contends that the equitable principles of section 732.802 should preclude Carlos from receiving the trust proceeds. The statute seeks to insure that “no person should be permitted to benefit from his own wrong,” Carter v. Carter, 88 So.2d 153, 157 (Fla.1956); In re Estate of Howard, 542 So.2d 395 (Fla. 1st DCA 1989); Capoccia; Prudential Ins. Co. of America, Inc. v. Baitinger, 452 So.2d 140 (Fla. 3d DCA 1984), and terminates the killer’s rights by survivorship. Carlos, the killer’s son, was not alleged to be culpable in Isabel’s death. We decline to hold that the legislature intended the statute to deprive an innocent beneficiary of the trust proceeds. See In re Estate of Benson, 548 So.2d 775 (Fla. 2d DCA 1989) (public policy does not extend Florida Slayer Statute to disinherit killer’s heirs). Because section 732.802(2) is inapplicable to the circumstance before us, and the complaint does not set forth facts demonstrating that Isabel revoked the trust, we hold that the trial *251 court properly dismissed the claims against Carlos and the bank. § 658.58, Fla.Stat. (1989).
Accordingly, we affirm the trial court’s orders of dismissal.

. Totten trusts are recognized in Florida under the common law, Seymour v. Seymour, 85 So.2d 726 (Fla.1956), and by statute. § 658.58, Fla. Stat. (1989).

. The claim against the bank alleges that the bank breached its duty to protect its depositor’s interest and wrongfully released the funds to Carlos.