576 So.2d 862 (1991)
Glenda NAHAR, Etc., et al., Appellants,
v.
Orol Mildred Jap-a-Joe NAHAR, et al., Appellees.
No. 90-801.
District Court of Appeal of Florida, Third District.
March 19, 1991.
Rehearing Denied April 22, 1991.
*863 Alfred Aronovitz, Glen E. Smith, Miami, for appellants.
Cypen & Cypen, Miami Beach and Stephen V. Rosin, Brenner & Dienstag and Mark A. Dienstag, Miami, for appellees.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
The issue raised on appeal is whether a probate court may order that the costs of administration be paid out of assets, including a Totten trust account, which the probate court has not yet determined are subject to probate. We find that it cannot.
The appellees rely on Kearney v. Unibay Co., Inc., 466 So.2d 271 (Fla. 4th DCA 1985), for the proposition that Totten trust funds may be used to pay the costs of administration, and that therefore, it is not necessary for the probate court to determine that the Totten trust account is subject to probate prior to authorizing that costs of administration be paid from the Totten trust account. The appellees' reliance on Kearney is misplaced. Kearney does not deal with costs of administration, but deals with a living judgment debtor that was attempting to avoid the garnishment of a Totten trust fund. The Kearney court held that "[a] Totten trust can be reached by the creditors of the depositor." 466 So.2d at 272. The court went on to state that "[s]ince the depositor has complete control over the deposit during his lifetime, however, he is treated as the owner insofar as his creditors are concerned. His creditors can reach the deposit while he is living, and can reach it as part of his estate on death." Id. (citing Scott on Trusts § 330.12). The appellees argue that they are "creditors" pursuant to section 733.707(2), Florida Statutes (1989),[1] and that therefore, they may reach the Totten trust funds. On the other hand, as the appellants correctly argue, pursuant to section 733.707(2), disbursements to creditors may be made only from estate assets. As stated above, the probate court has not yet made a determination as to whether the Totten trust account is subject to probate and therefore, an estate asset.
Moreover, in Seymour v. Seymour, 85 So.2d 726 (Fla. 1956), the Supreme Court of Florida held that a Totten trust account passes directly to the beneficiary of the account unless the depositor, during his lifetime, revokes the trust. In Seymour, the administrator of the estate claimed the Totten trust account as part of the estate. In response, the beneficiary petitioned for a decree declaring that he was entitled to the funds in the Totten trust account. The trial court found in favor of the administrator, and the beneficiary appealed. The Supreme Court of Florida, in finding in favor of the beneficiary, stated that:
A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.
Seymour, 85 So.2d at 727 (quoting In re Totten, 179 N.Y. 112, 71 N.E. 748, 752, 70 L.R.A. 711 (1904)). Thus, pursuant to Seymour, Totten trust accounts pass directly to the beneficiary and not to the estate, unless there was a revocation of the trust prior to the depositor's death.
Since non-probate assets may not be used to pay probate expenses, see In re Barret's Estate, 137 So.2d 587 (Fla. 1st DCA 1962), administration costs and the administrator's attorney's fees may not be paid out of assets which the probate court *864 has not yet determined are subject to probate.
In conclusion, we find that the funds from the Totten trust account may not be used to pay the estate's costs of administration, unless the probate court first finds that the funds from the Totten trust account are subject to probate.[2]
Accordingly, we reverse the probate court's order and remand for further proceedings consistent herewith.
NOTES
[1] Section 773.707(2), Florida Statutes (1989) provides as follows: "After paying any preceding class, if the estate is insufficient to pay all of the next succeeding class, the creditors of the latter class shall be paid ratably in proportion to their respective claims."
[2] The administrator's fees and costs were also to be paid from funds held by the Clerk of the Circuit Court. There has been no determination as to whether these funds are or are not subject to probate. Likewise, they should not be used to pay administration costs at this time.