GODERICH, Judge.
The plaintiff, Vivian Barnard, appeals from a final summary judgment entered in favor of the defendant, Mary R. Gunter, declaring that Mary is the owner of two Totten trust accounts. We affirm. Mary cross-appeals seeking an order releasing the trust funds, attorney’s fees, costs, and a remand for a determination that Vivian’s civil theft claim was without substantial legal merit. We affirm, in part, reverse, in part, and remand.
In 1985, Ralph Gunter was the owner of a Totten trust account at Coral Gables Federal [hereinafter referred to as “account 1”] that listed his daughter, Frances Gunter, as the beneficiary. Frances passed away and in June, 1985, Ralph substituted his other daughter, Vivian Barnard, as the beneficiary. Ralph and Mary married in October, 1985. On November 1, 1985, Ralph signed a Request for Change in Ownership card for account 1. At that time, both Ralph and Mary signed a new signature card as trustees for Vivian Barnard, a joint trust account statement as trustees, and a trust agreement statement as grantors. On the same day, Ralph and Mary opened a second Totten trust account at Coral Gables Federal entitled “Ralph Gunter, Mary Gunter as trustees for Vivian Barnard, daughter” [hereinafter referred to as “account 2”].
Ralph died in 1989, and Mary thereafter used the income generated from the trust accounts for her personal benefit. Vivian contacted Coral Gables Federal in December, 1990, and demanded that the bank deliver the funds contained in the trust accounts to her. Coral Gables Federal refused to give Vivian the money. In January, 1991, Mary revoked the trust accounts.
Vivian filed a complaint against Mary, as trustee, alleging civil theft, conversion, and breach of fiduciary duty. The trial court ordered that Coral Gables Federal freeze the accounts pending the outcome of the case. The trial court then granted Mary’s motion for summary judgment and entered a final judgment reserving jurisdiction on Mary’s entitlement to costs and attorney’s fees. However, the final judgment made no provision for the return of the funds held by Coral Gables Federal to Mary. Upon Mary’s request, this court remanded the case to the trial court for a determination of attorney’s fees and costs, as well as a determination of the outcome of the frozen trust funds. The amended final judgment denied Mary’s motion for attorney’s fees, but did not address the taxation of costs or the frozen trust funds. This appeal ensued and Vivian seeks a reversal of the trial court’s judgment which found that Mary is the owner of the two trust accounts. Mary cross-appeals seeking a re *58 mand for a determination that the civil theft claim was without merit, reversal of the trial court’s denial of attorney’s fees, remand for a determination of costs, and remand for an order directing Coral Gables Federal to release the funds to Mary.
Mary is a signatory as co-owner and co-grantor of the two Totten trust accounts. A Totten trust “is a tentative trust merely, revocable at will until the depositor” or owner or grantor of the funds dies. Seymour v. Seymour, 85 So.2d 726, 727 (Fla. 1956) (citing In re Totten, 179 N.Y. 112, 71 N.E. 748, 752 (1904)); see also Nahar v. Nahar, 576 So.2d 862 (Fla. 3d DCA 1991); First Nat’l Bank of Tampa v. First Fed. Sav. & Loan Ass’n of Tampa, 196 So.2d 211 (Fla. 2d DCA 1967). As such, Mary was free to revoke the accounts at any time prior to her death. Vivian had no interest in the trust accounts upon revocation.
Vivian’s reliance on Abbale v. Lopez, 511 So.2d 340 (Fla. 3d DCA 1987) is misplaced. Abbale is distinguishable from the instant case. Id.
First, in Abbale the husband alone created the accounts in both his and his wife’s name as trustees. Id. However, in the instant case, Ralph transferred ownership of account 1 from himself alone to himself and Mary. Both Ralph and Mary then also signed additional bank forms and signature cards evidencing their capacity as signatories, co-grantors of the revocable trust, and co-trustees for the beneficiary, Vivian. At the same time, Ralph and Mary jointly opened account 2 as signatories, co-grantors and co-trustees for the beneficiary, Vivian.
Second, in Abbale, the wife was unaware of some of the accounts and derived no benefit from them. Id. In the present case, Mary knew of the accounts as evidenced by her signatures as signatory, trustee, and grantor.
Third, in Abbale, the wife was only a co-trustee and, therefore, did not have any sur-vivorship rights. Id. In the instant ease, however, Mary was both a trustee and a grantor. As such, Mary became the co-owner of the accounts with her husband until his death. At his death, she became the sole owner, grantor, and trustee, with all of the rights which they had previously held jointly. Mary, therefore, had survivorship rights.
Finally, in Abbale, the wife’s powers as trustee did not include the express power to revoke the trust. Id. However, in the instant case, the trust agreement executed by both Ralph and Mary expressly gave them each the power to revoke the trust.
For these reasons, we find that Mary is the rightful owner of the two Totten trust accounts and affirm the entry of final summary judgment in her favor. Having reached this conclusion, we remand this cause to the trial court for the entry of a corrected final summary judgment which orders the release of the frozen trust funds to Mary.
Mary contends that the trial court erred in denying her request for attorney’s fees without making a finding as to whether Vivian’s civil theft claim had substantial fact or legal support. We disagree.
The trial court found that there were substantial issues in this case when it denied Mary’s motion for attorney’s fees. Section 772.11, Florida Statutes (1991) does not require the trial court to" make a finding unless it is awarding the attorney’s fees. Accordingly, we affirm the portion of the final judgment denying Mary’s request for attorney’s fees.
As for Mary’s request for a remand for determination of costs, we note that the trial court did not address the issue of costs because it was never given a statement of taxable costs to rule on. If there is a pending cost motion, which was timely filed, we are certain the trial court will address it.
Affirmed, in part, reversed, in part, and remanded with instructions.