PER CURIAM.
This is an appeal by the plaintiff Susan Leonard, individually and as the personal representative of the estate of Willard E. Leonard, from an adverse final judgment on the pleadings entered in an action which sought to recover the proceeds of the decedent’s IRA account. We affirm.
During his lifetime, the decedent created an IRA account which provided that in the event the proceeds of the account were not distributed before his death, the primary beneficiary of the account would be:
“Name: Sara Elizabeth Leonard
Address: 3413 Forrest Drive, Hollywood, FI.
33021
Date of Birth: October 12, 1973
Relationship to Depositor: Daughter
Percentage: 100%
Social Security No.: 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”
Subsequent to the creation of this IRA account, Sara Elizabeth Leonard was adopted by her stepfather after her mother remarried, so that legally she was no longer the decedent’s daughter; her name was accordingly changed to Sara Elizabeth Crocker. Subsequent to the adoption, the decedent died; his IRA account proceeds had not been distributed at the time of his death.
The plaintiff personal representative of the decedent’s estate brought the present action below seeking to recover the proceeds of the decedent’s IRA account on the theory that the beneficiary designation of the account could not be carried out — and, accordingly, the proceeds of the account lapsed — because the adoption of the daughter subsequent to the creation of the account converted her into a legally different person than the person described in the beneficiary designation. The trial court disagreed and awarded the proceeds of the account to the adopted daughter, Sara Elizabeth Crocker, in accord with the beneficiary designation in the IRA account. We entirely agree.
Section 63.172, Florida Statutes (1993), provides a judgment of adoption
“... terminates all legal relationships between the adopted person and his relatives, including his birth parents [subject to an exception not relevant to this case], so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship.” (emphasis added).
In the instant case, the decedent expressly designated the adopted person [Sara Elizabeth Crocker] as the beneficiary of his IRA account — namely, by birth date and social security number. It is undisputed that Sara Elizabeth Crocker has the same birth date and social security number as that designated by the decedent as the primary beneficiary of the IRA account. We agree that if the subject beneficiary had merely been designated, without more, as the “daughter” of the decedent under the name “Sara Elizabeth Leonard,” the proceeds of the account would have lapsed as the decedent legally had no such daughter at the time of his death. The fact remains, however, that the decedent described the beneficiary of the IRA account by birth date and social security number, and thereby expressly designated the person who is now named Sara Elizabeth Crocker. Upon the death of the decedent, the undistributed proceeds of the IRA account were properly awarded by the trial court to Sara Elizabeth Crocker. See Seymour v. Seymour, 85 So.2d 726, 727 (Fla.1956) (Totten trust account); Lopez v. Rodriguez, 574 So.2d 249, 250 (Fla. 3d DCA 1991) (same); Euart v. Yoakley, 456 So.2d 1327, 1329 (Fla. 4th DCA 1984) (inter vivos trust).
Affirmed.