GLICKSTEIN, HUGH S., Senior Judge.
This is an appeal from a final judgment determining the estate to be the beneficiary of the decedent’s IRA. We reverse.
In May, 1993, the decedent, a retired pilot, then 57, applied for an IRA, naming “Susan L. Dellinger, spouse” as the primary beneficiary. Six months later, decedent and appellant were divorced, whereby appellant’s former name, Susan A. Levy, was restored to her. In July, 1998, the decedent passed away.
In the dissolution, according to the pleadings, the parties’ so-called property division was nothing more than dividing vehicles and personal items and dividing the debts, which totaled about $70,000.
There are no sworn pleadings, affidavits or testimony under oath relating to the merits. The amended petition to determine beneficiaries’ entitlement to property attaches the IRA application and the decedent’s 1997 will, leaving his estate to the trustees of the decedent’s revocable living trust. The decedent’s brother is the personal representative and successor trustee, according to the unsigned trust document attached to the amended petition.
In 1999, the trial court first entered an order, denying appellant’s motion to dismiss the amended petition and holding the estate to be the rightful beneficiary of the IRA, citing Leonard v. Crocker, 661 So.2d 1244 (Fla. 3d DCA 1995), rev. denied, 670 So.2d 938 (Fla.1996), and Cooper v. Muccitelli, 682 So.2d 77 (Fla.1996). It then entered final judgment.
We hold that the trial court erred in determining the estate to be the beneficiary of the decedent’s IRA. Where a separation agreement does not include IRA proceeds, courts “need look no further than the plain language of the policy” to determine who the decedent intended as beneficiary of the proceeds. Cooper, 682 So.2d at 78. Here, the record shows that the IRA listed “Susan L. Dellinger, spouse” as the beneficiary. It is undisputed that appellant and “Susan L. Dellinger, spouse” are the same person. Thus, we hold that appellant was the rightful beneficiary of the decedent’s IRA.
Appellee, however, argues that we should affirm pursuant to Crocker. We disagree. The court in Crocker based its decision on a specific adoption statute that provides a judgment of adoption,
terminates all legal relationships between the adopted person and his relatives ... so that the adopted person is a stranger to his or her former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments ... that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship.
Crocker, 661 So.2d at 1244 (citing § 63.172, Fla. Stat. (1993)) (emphasis added). As such, and under the facts of this case, we do not find Crocker applicable.
WARNER, C.J., and STONE, J„ concur.