In re Robert Jules ARSENAULT,
Debtor.

No. 04–12873–JMD.

United States Bankruptcy Court,
D. New Hampshire.

Dec. 16, 2004.

Christopher J. Garner, Esq., Nashua,
NH, for Debtor.

Dennis G. Bezanson, Esq., Hampton, NH, for Michael S. Askenaizer, Chapter 7 Trustee.

### MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

### I. INTRODUCTION

Michael S. Askenaizer, Chapter 7 Trustee (the "Trustee"), objects to the Debtor's claim of exemption pursuant to N.H.Rev. Stat. Ann. ("RSA") 281–A:52 in a $144,000.00 lump sum worker's compensation settlement award (the "Award"), which sum the Debtor received shortly before he filed for bankruptcy and which sum he deposited into a checking account in his name in trust for his son (the "Bank Account"). The Trustee argues that the Debtor's deposit of the Award into the Bank Account constitutes a transfer under 11 U.S.C. § 101(54) that is avoidable under 11 U.S.C. § 548(a)(1)(A) and/or (B) and, therefore, the Award cannot be exempt under 11 U.S.C. § 522(g)(1)(A). The Debtor has responded to the objection stating that he did not made a transfer within the meaning of the Bankruptcy Code, susceptible to avoidance and recovery, and, therefore, the Award is exempt under New Hampshire law.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. BACKGROUND

On January 6, 1997, the Debtor apparently was injured at work, and on July 20, 2004, he received a lump sum worker's compensation settlement award in the amount of $144,000.00. On July 26, 2004, the Debtor made a deposit of $144,062.59 into a checking account at Citizens Bank (the "Bank"), which account is in the name of "Robert J. Arsenault, ITF Christopher G. Arsenault," previously identified as the "Bank Account." According to a representative of the Bank, the only person who can currently access the Bank Account is the Debtor. The Debtor's son, Christopher G. Arsenault, can access the Bank Account only if the Debtor is deceased.

On August 13, 2004, the Debtor filed a Chapter 7 bankruptcy petition. On Schedule B, the Debtor listed the Award as an asset worth $144,000.00 being held by the Bank in the Bank Account. On Schedule C, he claimed an exemption in the Award pursuant to RSA 281–A:52. On October 7, 2004, the Trustee filed an objection to the Debtor's claim of exemption, and on November 9, 2004, the Debtor filed a response. Both parties filed memoranda of law in support of their positions. The Court held a hearing on November 17, 2004, and took the Trustee's objection under advisement.

### III. DISCUSSION

The Trustee objects to the Debtor's claim of exemption on the grounds that depositing the Award into an account in the name of himself "in trust for" his son constituted a transfer pursuant to section 101(54) of the Bankruptcy Code for which the Debtor's son provided no legal consideration and, therefore, the transfer of such property can be avoided under section 548(a)(1)(A) and/or (B) of the Bankruptcy Code. The Trustee argues further that since the transfer can be avoided and the transfer was voluntary by the Debtor, the Debtor cannot claim an exemption in the Award in accordance section 522(g)(1) of the Bankruptcy Code. Accordingly, the

Trustee argues that his objection should be sustained and the Debtor's claim of exemption should be denied.

In response, the Debtor argues that he has not made a transfer within the meaning of section 101(54) by depositing the Award into the Bank Account which was established with an "in trust for" designation. The Debtor states that his son, the trustee beneficiary, has no legal interest in the Bank Account or the Award itself until such time as the Debtor dies. For that reason, the Debtor argues that he has not made an avoidable transfer under section 548(a)(1)(A) and/or (B), and, therefore, can validly claim an exemption under New Hampshire law. In support of his position, the Debtor cites *In re Williams*, 171 B.R. 451 (D.N.H.1994), wherein the United States District Court for the District of New Hampshire held that the exemption provided in RSA 281–A:52 places worker's compensation benefits beyond the reach of creditors, without regard to the form into which such benefits are converted, so long as the asset claimed to be exempt was acquired with money identifiable and identified as worker's compensation benefits. For the reasons set forth below, the Court shall overrule the Trustee's objection to the Debtor's claimed exemption in the Award and the Bank Account pursuant to RSA 281–A:52.

■■■ To resolve the parties' dispute, the Court must first address the issue of whether the Debtor effectuated a transfer of property of the Debtor's bankruptcy estate within the meaning of the Bankruptcy Code by depositing the Award into an "in trust for" bank account. Section 101(54) defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the

debtor's equity of redemption." 11 U.S.C. § 101(54). What constitutes a transfer is a matter of federal law. *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 369–70, 65 S.Ct. 405, 89 L.Ed. 305 (1945). In the absence of controlling federal law, property and interests in property are interpreted in accordance with state law. *Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).

New Hampshire law provides at RSA 384–D:1(I) that:

> Whenever any deposit shall be made in a bank in the name of an individual depositor in trust for or as trustee for a named beneficiary, including a minor, and no other further notice of the existence and terms of a legal and valid trust shall have been given in writing to the bank, it shall be conclusively presumed that the individual depositor intends to declare and create a trust of the moneys at any time standing to the credit of such account, for the named beneficiary, with the depositor as trustee, upon the following terms:
>
> (a) The trust shall be revocable at will by the individual depositor, but only to the extent of withdrawals of, charges against or pledges of, the moneys to the credit of the trust, made or authorized by the individual depositor during his life. Each such withdrawal or charge and each such pledge to the extent not subsequently redeemed, shall constitute a pro tanto revocation of such trust.
>
> . . .
>
> (c) If the named beneficiary survives the individual depositor, the individual depositor's death shall terminate the trust and the moneys to the credit of such account, less all proper set-offs or reductions pursuant to any pledge, shall vest solely and indefeasibly in the named beneficiary free and clear of the trust, notwithstanding any evidence of a

contrary intent on the part of the individual depositor.

. . .

RSA 384–D:1(I).

■ Accounts established under RSA 384–D:1 are commonly referred to as tentative or Totten trusts. "A Totten trust is a bank account held in the name of a depositor in trust for a beneficiary, but which is effective only upon the death of the depositor, is presumptively revocable at the will of the depositor, and is subject to the depositor's complete control during the depositor's lifetime. Accordingly, there is no real split between the legal and equitable interest in property subject to a Totten trust." 9A Am.Jur.2d Bankruptcy § 1105 (2004) (citing *Roemelmeyer v. Casanova (In re Casanova)*, 75 B.R. 34 (Bankr.S.D.Fla.1987); *In re William H. Vaughan & Co., Inc.*, 52 B.R. 701 (Bankr. E.D.Pa.1985), *aff'd*, 1986 WL 4747 (E.D.Pa.), *aff'd*, 63 B.R. 438 (E.D.Pa.1986); *Mims v. ComBanks Corp. v. Mims (In re Mims)*, 33 B.R. 95 (Bankr.M.D.Fla.1983)). For that reason courts have held that funds deposited by a debtor into a Totten trust account for the benefit of another remain property of the debtor's bankruptcy estate under 11 U.S.C. § 541(a). *Casanova*, 75 B.R. at 36; *Mims*, 33 B.R. at 96–97; *see also Krasny v. Nam (In re Nam)*, 257 B.R. 749, 763 (Bankr.E.D.Pa.2000) (indicating under Pennsylvania law that a depositor retains complete control over Totten trust funds during his or her lifetime and ownership vests in the beneficiary only on the depositor's death). The provisions of New Hampshire law governing Totten trust bank accounts stand in contrast to the provisions of the Uniform Transfers to Minors Act, RSA 463–A,

which provides that transfers under that act are irrevocable and "indefeasibly vested in the minor." RSA 463–A:11(II).

In *Olbres v. Hampton Coop. Bank*, 142 N.H. 227, 231–32, 698 A.2d 1239 (1997), the New Hampshire Supreme Court held that under RSA 384–D:2[1] monies in Totten trust bank accounts are property of the depositor and subject to any charges, encumbrances, or withdrawals imposed by them, as such depositors retain "virtually unlimited control over the funds during life." The decision in *Olbres* is consistent with the decisions in other jurisdictions holding that Totten trust bank accounts are property of the bankruptcy estate under section 541 of the Bankruptcy Code.

■ The Court finds that the Debtor in this case has retained unlimited control over the Award deposited into the Bank Account during his life, as set forth in RSA 384–D:I(1) and the New Hampshire Supreme Court's decision in *Olbres*. The Totten trust is revocable at will by the Debtor, and the Debtor's son acquired no title or right to control the funds in the Bank Account until the death of the Debtor pursuant to RSA 384–D:1(I)(a) and (c). Because the Debtor had unfettered dominion and control over the Award in the Bank Account prepetition and on the petition date, the Award and Bank Account became property of the bankruptcy estate pursuant to section 541(a) of the Bankruptcy Code upon the Debtor's bankruptcy filing. *See Casanova*, 75 B.R. at 36 (holding that a Totten trust account is not excluded from the bankruptcy estate by section 541(c) of the Bankruptcy Code).

■ Therefore, under the provisions of applicable state law, the Debtor has not

---

**1.** RSA 384–D:2 involves deposits in a bank in the name of two individual depositors in trust for another, compared to RSA 384–D:1, the section implicated in this case, which involves deposits in the name of only one individual depositor in trust for another. The language of both sections is substantially the same.

"disposed of" or "parted with" the Award postpetition. Accordingly, the Court concludes that the Debtor has not made any transfer of the Award within the meaning of section 101(54) of the Bankruptcy Code. Therefore, the Debtor is entitled to claim an exemption in the Award in accordance with RSA 281–A:52(I), which provides in relevant part that "[c]laims for compensation under this chapter shall not be assignable, and the compensation and any claim for compensation shall be exempt from all claims of creditors except as provided in this section."

The Court's holding is consistent with the United States District Court's decision in *Williams* wherein the court held that "[t]he exemption provided in RSA 281–A:52 puts workers' compensation benefits beyond the reach of creditors, except as specifically provided by the legislature, without regard to the form into which such benefits are converted, so long as the asset claimed to be exempt was acquired with money identifiable and identified as compensation benefits." *Williams*, 171 B.R. at 454 (footnote omitted). "Benefits are normally paid by check, and it follows that depositing a benefit check in a bank account does not, by itself, affect a payment's exempt character." *Id.* at 454–55.

## IV. CONCLUSION

Because the Award is property of the Debtor's bankruptcy estate, the Debtor is entitled to exempt it if he properly elected the exemptions available to him under state law. It is undisputed that the Debtor properly elected the exemption under New Hampshire law, set forth at RSA 281–A:52, for worker's compensation benefit claims and awards. For that reason, the Trustee's objection must be overruled. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.