Nila BUMBAUGH, Plaintiff-Appellee,

v.

George BURNS, Defendant-Appellant,

and

Richard Bethea, Administrator of the Estate of Lovna B. Burns, Deceased, Defendant.

Court of Appeals of Tennessee, Western Section, at Jackson.

March 19, 1982.

Rehearing Denied April 22, 1982.

Application for Permission to Appeal Denied by Supreme Court June 21, 1982.

Louis E. Eubanks, Memphis, for defendant-appellant.

Marcus Nahon, Memphis, for plaintiff-appellee.

NEARN, Judge.

We commence by stating what this case is not. The suit was filed by Nila Bumbaugh as an "Original Bill for Construction of Will." However, its name is not indicative of its purpose. It is not a bill to construe a will. Neither is a bill to construe a trust. Actually, the complaint seeks a declaratory judgment.

Lovna B. Burns died testate on July 10, 1979. The will was a holograph, but bears the signature of Nila Bumbaugh, a prime beneficiary, as one of the attesting witnesses. This is brought out to make evident the fact that the testator was not learned in the law, because subscribing witnesses are unnecessary for the efficacy of a holographic will and certainly, a chief beneficiary under the will is not needed as a subscribing witness. In any event, the validity of the will is not contested.

The will is as follows:

January 30, 1978. As of this date, I Lovna B. Burns be of sound mind. I hereby make this my last Will and Testament. I leave my Daughter Nila, the following properties and money to be given to her immediately at my death. Money in savings account under the names George H. Burns and Lovna B. Burns. Nila is to have [illegible word] share of all the money.

Nila is to have all my jewelry.

Nila is to have half of house when sold.

Grandsons Lynn, Michael, Stevie and Terry Bumbaugh each to receive $1,000.00 at my death.

Nila is to have the car of which I have driven to be given to her at time of my death.

The matter was submitted without witnesses to the Chancellor on the pleadings and the following "Stipulation of facts":

1. George Burns and Lovna B. Burns, now deceased, were married at Hernando, Mississippi on the 20th day of June, 1953.

2. Lovna Burns died testate, (see copy of holographic will attached), on July 10, 1979, and she was survived by her husband, George Burns, and a daughter, Nila Bumbaugh, the plaintiff herein.

3. Probate proceedings are pending in Division II of Shelby County, Tennessee, and the original will, a copy of which is attached hereto, has been admitted to probate as the Last Will and Testament of Lovna B. Burns. It is this will that this Honorable Court is asked to construe.

4. Under the terms of her will, the deceased attempted to devise a one-half interest to the plaintiff in the real property known as 2354 St. Elmo, Memphis, Shelby County, Tennessee.

5. The automobile driven by the deceased was titled and registered in the name of George Burns. The deceased attempted to devise this automobile to her daughter, Nila Bumbaugh.

6. All bank accounts and each was in the joint names of George Burns and the deceased, Lovna B. Burns, with the right of survivorship. The deceased endeavored to leave 1000.00 each to her grandchildren Lynn, Michael, Stevie and Terry Bumbaugh.

7. By the terms of her will, the deceased devised all her jewelry to Nila Bumbaugh.

8. The deceased's will also provided that money in saving account under the name of George H. Burns and Lovna B. Burns be immediately given to Nila Bumbaugh.

9. That there were joint bank accounts in the name of Mr. or Mrs. George H. Burns Jr. trustee for Mrs. Nila Bumbaugh and Mrs. Beverly Street in the Leader Federal Savings and Loan Association, accounts number 656182–3 and 656187–2 and 650370–0. These accounts were the corpus of a joint discretionary revocable trust account.

10. The main dispute of the property is the aforementioned bank accounts. The defendant, George Burns, contends that the money is a revocable trust and that he can withdraw the funds in the total amount at any time prior to his death. It is contention of the plaintiff that the bank funds proceeds have vested in her and the other beneficiary, Beverly Street. This is the main matter for the court to construe.

From the foregoing, the Chancellor decreed as follows:

1. Nila Bumbaugh is entitled to one half interest in joint bank accounts in the name of Mr. and Mrs. George B. Burns, Jr., trustee for Mrs. Nila Bumbaugh and Mrs. Beverly Street, in Leader Federal Savings and Loan Association account numbers 656182–3, 656187–2 and 650370–0.

2. No interest has been devised to the Petitioner, Nila Bumbaugh, in the property known as 2354 St. Elmo, Memphis, Tennessee.

3. Any automobile in question in the Will of said Lovna B. Burns devising same to the Petitioner, Nila Bumbaugh, is void as said automobiles are in the name of George B. Burns.

4. Any fees which the Administrator CTA, Richard Bethea, may be entitled to and all costs of this cause shall be paid from said trust funds prior to any distribution.

As may be perceived, the effect of the decree was not to actually construe the will, but to hold what did not or did belong to the deceased in order to pass under the terms of the will. The decree actually was a declaration of the property of which Lovna B. Burns died seized and possessed.

The sole issue raised on appeal is whether the Chancellor's decree in regard to the devolution of the trust funds is correct. Under the record, we must reverse the Chancellor on the point at issue.

The parties have stipulated that prior to her death Lovna B. Burns was one of two settlor-trustees under a "joint discretionary revocable trust." There were no stipulations or proof offered as to any of the terms the settlors impressed upon the trust nor was any proof offered as to the duties or powers of the trustee that may have been given or excluded by the settlors. This being true, the matter must be decided by the application of general trust principles, as there is nothing in the record that would call for any exceptions.

The general rule is that the death of a single trustee does not revoke a trust.[1] Rather, the courts have jurisdiction, in such a case, to appoint a successor trustee on application of the beneficiaries. T.C.A. § 35–116. Further, the death of one of two trustees does not revoke a trust. The trus-

---

1. Appellee cites to us the "Totten trust" principles. Suffice it to say that the *Totten* situation involves a deceased *sole* settlor-trustee. In the present case, one settlor-trustee yet survives and thus *Totten* principles are inapplicable.

teeship devolves on the surviving trustees pending appointment, if any, of a new trustee. 90 C.J.S. Trusts § 236. We need go no further. Under these rules, the trust is still in existence and it has been stipulated to be a joint discretionary revocable trust. Since Lovna B. Burns admittedly held the funds as trustee for others, the funds did not pass to her estate upon her death to be disposed of in her will. Whether or not she could possess the power as a joint settlor-trustee to revoke and distribute the corpus by will would be conditioned upon her powers as trustee. As stated, no evidence has been introduced to infer such powers.

The ultimate issue that must be decided is whether one of two joint or co-settlor-trustees of a discretionary revocable trust may revoke the trust by will when no such express power is granted the trustee. We hold such trustee may not. We are of the opinion that in the absence of a contrary provision of the trust, neither joint nor co-trustee may unilaterally revoke the trust and we so hold. Further, it makes no difference whether the joint or co-trustees are also the joint or co-settlors. In a discretionary trust a trustee must exercise his or her discretion as to the investment of funds held as trustee and may not delegate the exercise of that discretion to a joint or co-trustee. See *Deaderick v. Cantrell* (1837) 18 Tenn. 263; *Bogert, Trusts & Trustees* § 911 (2d ed. 1962). Accordingly, it must follow that a joint or co-trustee of a discretionary revocable trust may not delegate to a joint or co-trustee the discretion as to when or if to revoke the trust. Logic further impels one to the conclusion that if a joint or co-trustee may not delegate the exercise of that discretion to another when the delegate is living, it certainly may not be done when dead by will. In short, we hold that absent proof of trust provisions to the contrary, neither joint nor co-trustee may unilaterally revoke the trust while living or dead. A revocation in such case can only be accomplished by the joint exercise of that discretion. Chancery Court is the place for living trustees who cannot agree upon an action when agreement is required. *Gibson's Suits in Chancery* §§ 379–381 (6th ed. 1982).

Since the parties have chosen to stipulate that this is a "joint discretionary revocable trust" and have chosen to prove or stipulate nothing else, we can only assume that there are no other terms to the trust that would affect this decision.

Therefore, it must be that the trust has not been revoked, still exists, and accordingly, the corpus has never come into the estate of Lovna B. Burns to pass under her will.

The decree below, in so much as it holds that the funds held in trust passed to the estate of Lovna B. Burns, is reversed. In all other respects it is affirmed.

Costs of appeal are adjudged against the appellee, Nila Bumbaugh.

Done at Jackson in the two hundred and sixth year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

SUMMERS, J., and McLEMORE, Special Judge, concur.

### OPINION ON PETITION TO REHEAR AND RECONSIDER

A Petition to Rehear has been filed which asks that we decide an issue outside of that raised on appeal. In effect, petitioner asks us to construe a trust. No Court has yet been asked to construe the trust involved in this case and we decline to be the first to do so. Accordingly, the petition is denied.

/s/ Nearn
NEARN, J.
/s/ Matherne
MATHERNE, J.
/s/ Summers
SUMMERS, J.
/s/ Tomlin
TOMLIN, J.