# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

September 14, 1998

Cecil W. Crowson
Appellate Court Clerk

SHERRY BROWN, as next friend           )
and natural mother of her minor        )
children, AMANDA DANETTE               )
MCMULLIN and ADAM MCMULLIN,            )
                                       )
      Plaintiff/Appellee,         )
                                       )    Appeal No.
                                       )    01-A-01-9710-CH-00561
VS.                                    )
                                       )    Lawrence Chancery
                                       )    No. 6489-93
DORRIS MCMULLIN, LARRY                 )
MCMULLIN, HELEN MCMULLIN,              )
and THE ESTATE OF EUGENE               )
MCMULLIN,                              )
                                       )
      Defendants/Appellants.      )

APPEALED FROM THE CHANCERY COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE JAMES L. WEATHERFORD, JUDGE

JANE M. JENNINGS
231 Mahr Avenue
Post Office Box 794
Lawrenceburg, Tennessee 38464
      Attorney for Plaintiff/Appellee

J. DANIEL FREEMON
Freemon, Hillhouse & Huddleston
327 West Gaines Street
P. O. Box 787
Lawrenceburg, Tennessee 38464
      Attorney for Defendants/Appellants

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
CAIN, J.

# O P I N I O N

The dispositive question in this appeal is whether a successor trustee of a revocable savings account trust has the power after the death of the original trustee to revoke the trust and claim the trust assets as his own. The Chancery court of Lawrence County ordered the trust assets paid into the Clerk and Master's Office to be held for the original beneficiaries. We affirm.

## I.

The essential facts have been stated in a former opinion of this Court. We quote from that opinion:

> The proceeds of a policy of insurance on the life of Donnie McMullin were paid to his mother, Edith McMullin, the named beneficiary, who, jointly with her husband, Eugene McMullin, deposited these funds in a trust account, having first executed a Discretionary Revocable Joint Trustee Agreement which designated them as joint trustees of the funds of their grandchildren, Amanda and Adam McMullin (children of their son, Donnie McMullin, the insured decedent) as beneficiaries. Edith and Eugene McMullin had two other sons, Larry and Dorris McMullin.
>
> Six years later, Edith McMullin died and Eugene McMullin continued to serve as trustee. The trust funds remained intact and productive until October 21, 1993, when they were paid out by the depository bank under unusual circumstances.
>
> The surviving trustee, Eugene McMullin, became mortally ill. He was being transported to a hospital on October 21, 1993 [one week before his death] by Larry McMullin and Helen McMullin (wife of Dorris), when they stopped *en route* at the depository bank. Eugene was too ill to leave the car. Larry and Helen entered the bank and prevailed upon the bankers to change the beneficiaries of the trust from Adam and Amanda McMullin (both minors) to Larry and Dorris McMullin, the brothers of the minors' deceased father. Not the least lacking in cooperation, the bank issued two cashiers checks, each in the amount of $49,945.53 to Larry and Dorris McMullin.
>
> It is not disputed that Eugene McMullin, the trustee, did not enter the bank on October 21, 1993, and did not communicate with a banker. He signed no instruments of any kind. The record offers little explanation of the somewhat remarkable banking practice evidenced from the foregoing recitation.

*Brown v. McMullin*, No. 01A01-9603-CH-00113 (Nashville, August 16, 1996).

The opinion dealt with only one narrow issue: that Larry and Helen McMullin had no authority to revoke the trust. The court affirmed the lower court's judgment on that issue and remanded the cause for further proceedings.

The chancellor ordered the defendants to pay the money they had withdrawn from the trust into the office of the Clerk and Master. In subsequent proceedings, the chancery court decreed that the funds should be held by the Clerk and Master for the benefit of the original beneficiaries and that withdrawals would be made only for income tax payments or emergency expenses.

## II.

The document creating the trust was entitled, "Discretionary Revocable Trust Account" and it provided that

> (1)    The trustees are authorized to hold, manage, invest, and reinvest said funds in their sole discretion;
> (2)    The undersigned grantors reserve the right to revoke said trust in part or in full at any time, and any partial or complete withdrawal by the original trustees, if they be both of the grantors, shall be a revocation to the extent of such withdrawal, but no other revocation shall be valid unless written notice by both of such trustees is given to the institution named on the reverse side of the card;
> (3)    In the event of the death, resignation, removal or incompetence of both of said trustees, DORRIS McMULLIN is appointed successor trustee . . . and such successor trustee shall have the powers of the original trustees;
> (4)    This trust, subject to the right of revocation, shall continue for the life of the grantors and thereafter until the beneficiary is TWENTY-FIVE years of age and then the proceeds shall be delivered to the beneficiary; . . . .

Similar trusts have been upheld against a charge that they are testamentary in nature and invalid because they do not comply with the Wills Act. *Leader Federal S & L Association v. Hamilton*, 330 S.W.2d 33 (Tenn. App. 1959);

- 3 -

*Peoples Bank v. Baxter*, 298 S.W.2d 732 (Tenn. App. 1956). And in *Bumbaugh v. Burns*, 635 S.W.2d 518 (Tenn. App. 1982) this court held that the corpus of a savings account trust, described as a "joint discretionary revocable trust," did not become a part of the settlor/trustee's estate at her death and, absent some provision in the trust itself, the trust could not be revoked by the settlor/trustees' will. We think these cases lead to the inescapable conclusion that the trust created by a savings account instrument is a continuing trust and that upon the death of the settlor(s) the beneficial interest in the remaining funds vests in the beneficiaries according to the trust's terms. In this case, the beneficial interests of Adam and Amanda McMullin vested at the death of Eugene McMullin, the last surviving grantor.

This conclusion is supported by two separate statements of the general law. The first is the *Restatement of Trusts* § 58 which provides:

> Tentative trusts of savings deposit: "Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person, intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime, and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any remaining on deposit on his death if he has not revoked the trust."

The second is a part of our banking law, Tenn. Code Ann. § 45-2-704. It provides in part:

> (a)(1) Whenever any deposit shall be made in any bank by any person in trust for another, and no other or further notice of the existence and terms of a legal and valid trust shall have been given in writing to the bank, the bank is entitled to deem the following with respect to such deposit, that:
>
> (A) The person designated as trustee is the owner of the deposit account;
> (B) The owner retains the right during the owner's lifetime to withdraw, assign or pledge the balance of such deposit account, in whole or in part, as though no survivor beneficiary had been named, and to delete or change a survivor beneficiary; and
> (C) The interest of a person designated as beneficiary shall not vest until the death of the owner, or

in the case of joint owners, until the death of the last surviving owner, and such interest shall be subject to any lien, assignment, pledge, right of offset or other claim which the bank could have asserted against the owner.

(2) No change in the designation of the survivor beneficiary is valid unless executed on a form and in a manner prescribed by the bank.

(3) The following terms shall be deemed to apply to such account, unless the owner notifies the bank otherwise:

(A) The interest of the beneficiary in the account vests, only if the beneficiary survives the last surviving owner;
(B) Multiple beneficiaries surviving the last surviving owner shall be entitled to equal shares of the account; and
(C) If no beneficiary survives, the account shall remain in the estate of the last surviving owner;

It can be seen that this Act plugs the gaps that remain (and with which the courts have had to struggle), when a deposit is made in a bank in trust for a third party and there are no other provisions that govern how the bank may deal with the funds. Admittedly, the trust instrument in this case is more complete (it allows revocation in whole or in part and it directs the remaining funds to be held until the beneficiaries reach the age of twenty-five) but a gap still remains as to when the interest vests. The Act fills that void by providing that the interest vests in the beneficiary only if he/she survives the last surviving owner.

The only claim by the successor trustee named in the trust instrument is based on the fact that the trust provides that he shall have all the powers of the original trustees. He construes that provision as passing on to him the power to revoke the trust -- for his own benefit if he so decides. We think this construction of the trust would defeat the obvious intent of the settlors to provide a benefit for their grandchildren whose father provided the funds through insurance on his life. It is true that the settlors reserved the right to encroach on the corpus of the trust -- and to that extent effect a partial revocation – but the remaining funds vested in the beneficiaries

at the death of the surviving settlor. The successor trustee's powers could not then be exercised in a way to defeat the trust purposes.

In addition, we think the successor trustee's contention amounts to a claim that some beneficial interest in the trust corpus passed to him at his father's death. In our view, that result could only be accomplished by a valid will.

The provision giving the successor trustee the same powers as the original trustees should be read as a part of the whole instrument. One of the reasons for having a successor trustee was the incompetence of the settlors. In that event, while the settlors still lived, the successor trustee would have had the power of encroachment/revocation for their benefit. But we are still of the opinion that at the death of the last surviving grandparent the beneficial interest in the remaining funds vested in the children. Only the enjoyment of the benefit was postponed until they reached the age of twenty-five.

**III.**

After remand, the trial judge overruled a motion made by the successor trustee and the other family members to assert a claim against the bank. The trial judge reasoned that any claim the original defendants had against the bank could be asserted in a separate action and should not delay a final resolution of the issues in this case.

We think that whether to add the bank as a party to this action was a decision resting within the discretion of the trial judge. The bank was not a necessary party in this action, Rule 19, Tenn. R. Civ. Pro., and the permissive joinder of a party is subject to the trial judge's authority to "make other orders to prevent delay or prejudice." Rule 20.02, Tenn. R. Civ. Pro.

## IV.

The appellants also argue that the parties should be placed in status quo; that the trust should be reinstated instead of placing the funds in the custody of the Clerk and Master. We think, however, that the power of the chancery court to remove a trustee when the trustee has threatened to violate his trust, Tenn. Code Ann. § 35-1-106(a)(2)(B), or for other good cause, *id.* (2)(F), is authority for the court's decision not to return to the status quo. In addition, the trial court's action is in substance a continuation of the trust with the Clerk and Master serving as the trustee. The only duty imposed on the trustee is the investment of the funds and the payment of the corpus to the beneficiaries when they reach the age of twenty-five.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Lawrence County for any further proceedings necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

- 7 -

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

- 8 -

_____
WILLIAM B. CAIN, JUDGE