548 So.2d 775 (1989)
In re ESTATE OF Margaret H. BENSON, Deceased.
In re Estate of Scott R. Benson, Deceased. Carol Lynn Benson Kendall, Appellant/Petitioner,
v.
Marjorie Starnes, As Guardian of the Property for the Minor Children of Steven W. Benson, and Steven W. Benson, Appellees/Respondents.
Nos. 88-01506, 88-01507.
District Court of Appeal of Florida, Second District.
September 1, 1989.
*776 Michael S. Pasano, Humberto J. Pena and Guy A. Rasco of Zuckerman, Spaeder, Taylor & Evans, Coral Gables, for appellant/petitioner.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee/respondent Marjorie Starnes.
CAMPBELL, Chief Judge.
These consolidated appeals challenge the trial court judgments that determined the beneficiaries in the testate estate of Margaret H. Benson and the intestate estate of Scott R. Benson.
We affirm. Our reasons for affirming, however, do not coincide in all particulars with the reasoning of Judge Hayes in the court below. State v. Sachs, 526 So.2d 48 (Fla. 1988); Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961); Haas v. Crisp Realty Co., 65 So.2d 765 (Fla. 1953).
The deceased testator, Margaret H. Benson, was the mother of appellant Carol Lynn Benson Kendall, Steven W. Benson and Scott R. Benson. Margaret Benson and Scott Benson were murdered by Steven Benson who was subsequently convicted of their murders in a criminal trial in which Judge Hayes also presided. Thereafter, appellant filed her petition to determine beneficiaries in the probate estates of her testate mother, Margaret Benson, and her intestate brother, Scott Benson.
In Margaret Benson's will, she provided that her property was devised and bequeathed to her three children: appellant, Steven Benson and Scott Benson. Because Scott Benson died intestate without a surviving father, mother, spouse or lineal descendant, his heirs under the intestacy laws of this state would normally have been his sister, appellant, and his brother, Steven Benson. § 732.103(1), (2) and (3), Fla. Stat. (1985).
It was not disputed that Steven Benson, as the murderer of his mother and brother, was precluded from participating as a beneficiary of either his mother's will or his brother's intestate estate by reason of Florida's so-called "Slayer Statute," section 732.802(1), Florida Statutes (1985). This left appellant as the sole beneficiary unless Steven Benson's children were allowed to participate. Judge Hayes determined that Florida's Slayer Statute did not prevent the minor children of Steven Benson from inheriting their father's share under the will of Margaret Benson under section 732.603, Florida Statutes (1985), nor from inheriting their father's share of Scott Benson's intestate estate according to the provisions of sections 732.103 and 732.104, Florida Statutes *777 (1985). Appellee Marjorie Starnes is the court-appointed guardian of the property of the minor children of Steven Benson.
Appellant, in her petition to determine beneficiaries, in the subsequent hearings thereon, and in these appeals argues that the public policy of Florida requires that Florida's Slayer Statute should be extended to prevent Steven Benson's minor children from sharing in either Margaret or Scott Benson's estates. In making that argument she urges that her interpretation of the Slayer Statute should prevail over the express terms of Margaret Benson's will, over Florida's Anti-Lapse Statute, section 732.603(1), and also over sections 732.611, 732.103 and 732.104, Florida Statutes (1985).
We have no difficulty in rejecting appellant's contention that there exists a public policy in Florida that would extend Florida's Slayer Statute so as to disinherit the natural and/or statutory heirs of a killer who except for his murderous act would have been a beneficiary of his victims' estates. We find the statutory language clear and unambiguous. If there is to be declared in Florida such a public policy as appellant urges, it must be accomplished by a legislative amendment to the Slayer Statute and not by a pronouncement of this court. The pertinent part of our Slayer Statute, section 732.802(1), provides as follows:
A surviving person who unlawfully and intentionally kills or participates in procuring the death of the decedent is not entitled to any benefits under the will or under the Florida Probate Code, and the estate of the decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent.
It is difficult to advance a credible argument as to any ambiguity in the statute or how the legislature could have more clearly spoken. It is the "surviving person who ... kills" who is prohibited from benefiting from the act of killing (emphasis added). The statute clearly states without any exceptions that the property of the decedent "passes as if the killer had predeceased the decedent." In regard to Scott Benson's intestate estate, section 732.103(3) provides that when a decedent has no surviving lineal descendants, father or mother, the decedent's property passes "to the decedent's brothers and sisters and the descendants of deceased brothers and sisters."
In regard to Margaret Benson's estate, her will, executed January 29, 1985, provided in paragraph "THIRD" as follows:
I give, devise and bequeath to my three (3) children, Carol Lynn Kendall, Steven W. Benson and Scott R. Benson, in equal shares, all of my right, title and interest in and to my estate, real, personal or mixed, whether now owned or hereafter acquired by me, or wherever the same may be situated, including all property over which I may have any power of appointment, per stirpes and in fee.
Paragraph "THIRD" stated that her property was devised and bequeathed to her three children, per stirpes. The trial judge found that paragraph "THIRD" was ambiguous and utilized extrinsic evidence to attempt to determine the intent of Margaret Benson.
We cannot agree with the trial judge that paragraph "THIRD" of Margaret Benson's will was ambiguous. It is clear on its face, and the language utilized leads directly to only one conclusion, i.e., Margaret Benson devised her property to her three children per stirpes. Therefore, by the very terms of Margaret Benson's will, Steven Benson's children inherit his share of his mother's estate since our Slayer Statute requires that he be considered as having predeceased his mother. It appears that the trial judge was led into his mistaken determination that an ambiguity existed in Margaret Benson's will because he had heard the testimony of the drafter of the will when he presided over Steven Benson's murder trial. However, where a will or document is clear and unambiguous on its face, extrinsic evidence is inadmissible. Moreover, where a document or will is clear and unambiguous on its face, extrinsic evidence cannot be used to create an ambiguity that does not otherwise exist on the face of the instrument. In re Blocks' Estate, 143 Fla. 163, 196 So. 410 (1940); In *778 re Estate of Rice, 406 So.2d 469 (Fla. 3d DCA 1981). See Johnson v. Bay Pines Federal Credit Union, 544 So.2d 296 (Fla. 2d DCA 1989).
The trial judge misconstrued Margaret Benson's will as being ambiguous and then mistakenly relied upon the testimony from the Steven Benson murder trial to attempt to arrive at Margaret Benson's intent in regard to her testamentary disposition of her properties. He then applied our Anti-Lapse Statute, section 732.603, and concluded that Steven Benson's minor children were the successors to their father's share in Margaret Benson's estate. That result is correct, although based on an incorrect determination of ambiguity.
It would have been the correct result in any event, i.e., whether the express provisions of the will were utilized or whether the Anti-Lapse Statute was used. Margaret Benson's will devised her property to her children "per stirpes." Even though the drafter of the will testified in the murder trial that she intended a class gift to her children, since a class gift is not expressly provided by the terms of the will even if the term "per stirpes" had been omitted from the will, section 732.611, Florida Statutes (1985), would have applied to make the devises and bequests "per stirpes." Further, even if Margaret Benson's will had provided for a class gift to her three children, the Anti-Lapse Statute would have substituted Steven Benson's minor children in his place as a devisee under the will in the absence of a contrary intent expressed in the will. See § 732.603(1), Fla. Stat. (1987).
The trial judge therefore reached a correct result in determining that the minor children of Steven Benson inherit their father's share of the estates of Margaret and Scott Benson.
Affirmed.
SCHEB and THREADGILL, JJ., concur.