KELLY, Judge.
In these consolidated appeals, Mary Jo Owens and Monica Clement, the adopted children of Ralph E. Davis, appeal from an order entered on cross-petitions to determine the beneficiaries of their father’s estate. On appeal, they argue that the trial court improperly considered extrinsic evidence in interpreting Mr. Davis’s will. We agree.
A testator’s intent as expressed in his will controls the legal effect of his dispositions. In re Estate of Budny, 815 So.2d 781, 782 (Fla. 2d DCA 2002); see also § 732.6005(1), Fla. Stat. (2003). When a will is clear and unambiguous on its face, extrinsic evidence of the testator’s intent is inadmissible. In re Estate of Benson, 548 So.2d 775, 777 (Fla. 2d DCA 1989); Dutcher v. Estate of Dutcher, 437 So.2d 788, 789 (Fla. 2d DCA 1983). The terms of Mr. Davis’s will are clear and unambiguous; however, the will does not specify how the probate court should distribute Mr. Davis’s residuary estate if his wife claims her elective share. When Mr. Davis’s wife claimed her elective share, rather than let the residuary estate pass according to the law of intestate succession, the probate court considered extrinsic evidence to determine how to distribute those assets. The trial court’s consideration of extrinsic evidence to “rewrite” the will was error:
The court may not alter or reconstruct a will according to its notion of what the testator would or should have done.... It is not the purpose of the court to make a will or to attempt to improve on one that the testator has made. Nor may the court produce a distribution that it may think equal or more equitable.
In re Estate of Barker, 448 So.2d 28, 31-32 (Fla. 1st DCA 1984) (quoting 18 Fla. Jur.2d Decedent’s Property § 358, at 216). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.