LaROSE, Judge.
 

 The trial court, after a nonjury trial, entered a final judgment ruling that Nigel and Christine Gibney breached a contract to buy a house from Randy and Helen Pillifant. The judgment awards the Gib-neys’ $124,000 deposit to the Pillifants. The trial court erred in determining that an appraisal contingency in the contract was ambiguous and interpreting that provision in a manner that differed from the written terms. We reverse and remand with directions that the trial court enter judgment for the Gibneys.
 

 By way of background, we note that the Gibneys contracted to buy a house under construction in Naples from the Pillifants. The purchase price was $620,000. The Gibneys insisted on adding a provision to protect them from a drop in property values. Their language, to which the Pilli-fants agreed, provided that the contract was “conti[n]gent upon this property appraising for no less than $620,000 to be conducted by a local appraiser.” Pursuant to the contract, the Gibneys escrowed a $124,000 deposit.
 

 Before closing, the Gibneys obtained a $560,000 appraisal. Convinced that the
 
 *785
 
 property was worth more, the Pillifants secured a $635,000 appraisal. Notwithstanding the second appraisal, the Gibneys refused to close and terminated the contract because the property appraised at less than $620,000. The Pillifants sued for breach of contract and sought to recover the deposit as liquidated damages.
 

 The Pillifants argued to the trial court that the appraisal contingency was ambiguous. In their view, it did not specify the parties’ respective rights or duties. The Pillifants claimed that the Gibneys drafted the provision; thus, it should be construed against them.
 
 See City of Homestead v. Johnson,
 
 760 So.2d 80, 84 (Fla.2000). The Pillifants contended that any appraisal of $620,000 or more obligated the Gibneys to close. The Gibneys responded that they could terminate the contract if any appraisal valued the property at less than $620,000. The trial court allowed parol evidence about the parties’ intent and conduct relating to the contingency.
 

 Ultimately, the trial court rejected the Gibneys’ argument, ruling that the Pilli-fants’ $635,000 appraisal satisfied the contingency, that the Gibneys breached the contract by failing to close, and that the Pillifants were entitled to the Gibneys’ deposit. The Gibneys appealed. We review the trial court’s interpretation of the contract de novo.
 
 Leopold v. Kimball Hill Homes Fla., Inc.,
 
 842 So.2d 133, 136 (Fla. 2d DCA 2003).
 

 Absent an ambiguity, “ ‘the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls.’ ”
 
 Emergency Assocs. of Tampa, P.A. v. Sassano,
 
 664 So.2d 1000, 1003 (Fla. 2d DCA 1995) (quoting
 
 Acceleration Nat’l Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc.,
 
 541 So.2d 738, 739 (Fla. 3d DCA 1989));
 
 see Waksman Enters., Inc. v. Oregon Props., Inc.,
 
 862 So.2d 35, 40 (Fla. 2d DCA 2003). Although inartful, the appraisal contingency is not ambiguous. In our view, “appraising for no less than $620,000” means that no appraisal may be less than $620,000. The Pillifants’ $635,000 appraisal did not obligate the Gib-neys to close; the property also appraised for the lesser value of $560,000. The appraisal contingency allowed the Gibneys to terminate the contract if
 
 any
 
 appraisal valued the property at less than $620,000.
 

 In
 
 Emergency Associates,
 
 we held that the phrase “five (5) square miles,” in a provision prohibiting the seller from practicing medicine within a certain area, was not ambiguous, and that the trial court erred in receiving extrinsic evidence to vary the contract terms by interpreting the phrase to mean “within a five-mile radius.” 664 So.2d at 1003. In
 
 Metro Development Group, L.L.C. v. 3D-C & C, Inc.,
 
 941 So.2d 11, 12 (Fla. 2d DCA 2006), we held that an option contract requiring payment “on or before the forty-fifth day after the effective date” was not ambiguous as to whether “day” could mean “business day.” Here, the trial court erred in receiving extrinsic evidence to vary the contract terms by interpreting the phrase, as urged by the Pillifants, to mean “contingent upon any appraisal of at least $620,000.”
 

 Perhaps the Pillifants subjectively thought they were bargaining for their view of the appraisal contingency. But, they did not reserve a right to a competing appraisal nor did they provide that any such appraisal would be controlling. As the facts establish, the Gibneys’ appraisal was less than $620,000. The contingency triggering an obligation to close did not occur. The Gibneys could walk away without penalty. We will not “rewrite a contract or interfere with the freedom of contract or substitute [our] judgment for that of the parties ... in order to relieve one of
 
 *786
 
 the parties from the apparent hardship of an improvident bargain.”
 
 Beach Resort Hotel Corp. v. Wieder,
 
 79 So.2d 659, 663 (Fla.1955);
 
 Metro Dev. Group,
 
 941 So.2d at 14.
 

 Reversed and remanded with directions.
 

 VILLANTI, J., and FULMER, CAROLYN K, Senior Judge, Concur.