SUAREZ, J.
Citizens Property Insurance Corporation (“Citizens”) appeals a non-final order *385 compelling appraisal. We have jurisdiction, see Fla. R.App. P. 9.130(3)(C)(iv), and reverse as there was no agreement between the parties to appraise the loss as required by the appraisal provision of the Citizens policy.
The appellees (“the Casars”) were insured with Citizens under a homeowners’ policy with the following appraisal clause:
b. Appraisal. If you and we fail to agree on the amount of loss, either may request an appraisal of the loss by presenting the other party with a written request for appraisal of the amount of loss. If the other party agrees in writing to participate in appraisal, then appraisal shall proceed pursuant to the terms of a written agreement between the parties.
The Casars filed a claim for water damage alleged to have been caused by a refrigerator line leak. Citizens inspected the property twice and concluded that the damage to some items being claimed was caused by water damage from the leak and, therefore, was covered, but that damage to other items being claimed was not caused by the leak and, therefore, was not covered. The Casars disagreed with Citizens that damage to some property was not caused by the leak and disagreed with Citizens’s valuation of the property deemed covered by Citizens. The public adjuster for the Casars sent a written demand for appraisal of the entire claim. Citizens forwarded an Appraisal Agreement wherein Citizens listed for appraisal only those items both parties agreed were damaged by the water but could not agree as to the amount. Citizens excluded from appraisal any of the items determined by Citizens not to have been damaged by the leak.[1] The Casars refused to sign the Agreement and Citizens informed the Ca-sars that, since they were not able to agree to the terms of the appraisal agreement, Citizens was unable to proceed to appraisal. The Casars filed a motion to compel appraisal, which was granted by the trial court. Citizens then brought this appeal.
The appraisal provision of the Citizens’ policy unambiguously requires a written request for appraisal and a written agreement between the parties in order for appraisal to take place. If the parties do not agree to the terms of the written agreement, appraisal will not take place. Because of the disagreement between the Casars and Citizens as to which items of property were damaged by the water leak, leading to disagreement as to which items would be valued at appraisal, the Casars never consummated the Citizens-proposed Agreement for Appraisal. Therefore, pursuant to the policy, as there was no written agreement between the parties, Citizens was not required to participate in appraisal.
Appraisals are creatures of contract. See Atencio v. U.S. Sec. Ins. Co., 676 So.2d 489 (Fla. 3d DCA 1996) (holding that arbitration and appraisal may be required only as to those disputes concerning which the parties have expressly agreed); see also Rosenhaus v. Star Sports, Inc., 929 So.2d 40 (Fla. 3d DCA 2006). What is appraised and whether a party can be *386 compelled to appraisal depend on the contract provisions. See Gibney v. Pillifant, 32 So.3d 784, 785 (Fla. 2d DCA 2010) (“Absent an ambiguity, the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls.”) (citations omitted). In the instant case, Citizens complied with the appraisal provisions of the Policy. Citizens forwarded an Agreement for Appraisal. The Casars would not agree to the terms. Therefore, appraisal could not take place. Citizens complied with the policy provisions and, as such, the trial court had no basis to compel Citizens to appraisal.
We reverse and remand for further proceedings on the pending breach of contract action. We shall not address the remaining issues on appeal, as they are now moot.
Reversed and remanded.

. The Appraisal Agreement stated:
Citizens and the Insured have entered into this Agreement because they agree that the loss and/or damage to the Appraisal Property is insured under the Policy and was caused by a covered cause of loss during the policy period, but they disagree on the amount of loss of the Appraisal Property. This Agreement excludes items of property as to which there is disagreement over whether they are insured under the Policy or whether loss damage was caused by a covered cause of loss during the policy period.