FERNANDEZ, J.
Citizens Property Insurance Corporation appeals the trial court’s order granting appellee Gladys Zunjic’s motion to compel appraisal and order denying without prejudice Citizens’ motion for summary judgment. Recognizing that our holding in Citizens Prop. Ins. Corp. v. Casar, 104 So.3d 384 (Fla. 3d DCA 2013), is directly on point, we reverse, as there was no agreement between the parties to appraise the loss as required by the appraisal provision of the Citizens policy.
Citizens issued a residential homeowners’ policy to Zunjic. “Section 1— Conditions,” subsection 6(b), of the policy contained the following appraisal clause:
Appraisal. If you and we fail to agree on the amount of loss, either may request an appraisal of the loss by presenting the other party with a written request for appraisal of the amount of *356 loss. If the other party agrees in writing to participate in appraisal, then appraisal shall proceed pursuant to terms of a written agreement between the parties.
(emphasis added). Under the previous standard appraisal clause used for years by Citizens, if there was a disagreement over the amount of the loss and all conditions precedent were met, the party was entitled to demand appraisal. The new appraisal clause at issue contained substantially different language.
Zunjic filed a claim for damaged tile on her property for which Citizens issued to her a $28,341.39 payment. Zunjic disagreed with the award and requested appraisal. Citizens acknowledged receipt of her request and wrote to Zunjic stating that it previously provided a proposed appraisal agreement to Zunjic. Citizens wrote: “If you do not agree with the elements of the [appraisal agreement drafted by Citizens], please revise and submit for our review”. Then, twice in April 2011 and twice in June 2011, Citizens wrote to Zunjic regarding the proposed appraisal agreement, requesting that Zunjic review and sign the agreement or provide Citizens with her revisions. Zunjic never responded.
Instead, Zunjic filed a complaint seeking declaratory relief and to compel appraisal. Citizens moved to dismiss the count seeking to compel appraisal as improper under Florida law.
Zunjic then moved to compel appraisal. Citizens, in turn, sought summary judgment, contending that the hew appraisal policy language mandated, as a condition precedent to appraisal, that the parties agree in writing to the appraisal terms. Alternatively, Citizens requested an evi-dentiary hearing to determine whether appraisal was ripe.
The court subsequently ordered the parties to appraisal. The court recognized that it had not yet ruled on whether the conditions precedent to appraisal were met and that issue would be addressed at a future hearing. The court denied Citizens’ summary judgment motion without prejudice and denied Citizens’ motion to dismiss Zunjic’s petition to compel appraisal.
We agree with Citizens that appraisal is improper at this time. The new appraisal clause requires, as a condition precedent, that the parties enter into a written agreement setting forth the terms of the appraisal. The only evidence before the trial court is that no such agreement exists. Consequently, appraisal is improper at this time. We conclude that this case is directly on point with Citizens Prop. Ins. Corp. v. Casar, 104 So.3d 384 (Fla. 3d DCA 2013), which requires a written agreement between the parties before appraisal can occur.
Florida law does not require an insurer to participate in appraisal absent a written agreement between the two parties. See Casar, 104 So.3d at 385. What is appraised and whether a party can be compelled to appraisal depend on the contract provisions. Id. at 385-86 (citing Gibney v. Pillifant, 32 So.3d 784, 785 (Fla. 2d DCA 2010)) (“Absent an ambiguity, the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls.”) (citations omitted).
Here, Citizens complied with the appraisal provisions of the policy. Citizens forwarded Zunjic a copy of the Agreement for Appraisal, and repeatedly reminded Zunjic that she enter into the proposed agreement or provide requested revisions. Zunjic never agreed to the terms, thus, appraisal could not take place. The trial court thus had no basis to compel Citizens to appraisal. Therefore, we conclude that *357 appraisal is improper at this time, and we reverse the trial court’s order compelling Citizens to appraisal.
Reversed and remanded.