NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DIANE MARIE EBANKS,                    )
                                       )
          Appellant,                   )
                                       )
v.                                     )     Case No. 2D14-2872
                                       )
CURTIS EBANKS, as Personal             )
Representative of the Estate of        )
Arthur Ebanks,                         )
                                       )
          Appellee.                    )
_____)

Opinion filed January 29, 2016.


Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Ashley B. Moody, Judge.

Virginia R. Vetter, Tampa, for Appellant.

Mark A. Neumaier, Tampa, for Appellee.


NORTHCUTT, Judge.


        Arthur and Diane Ebanks were divorced in Florida in 2008.  When Arthur

died four years later, he and Diane continued to jointly own three properties in the

Cayman Islands that, under that country's law, passed to Diane as the survivor.  But

Arthur's brother and personal representative, Curtis Ebanks, filed a motion in the

dissolution case[1] to enforce the divorce judgment insofar as it addressed the disposition of the three parcels. The court ruled in the estate's favor and ordered Diane either to sell the properties or to purchase her late former husband's interest in them. We reverse.

The controversy involves a supposed tug-of-war among the Ebankses' marital settlement agreement, the law of the Cayman Islands, and Arthur Ebanks's will. Arthur executed his will on the day he filed for divorce, July 31, 2006. In its General Provisions, Article VIII, the will stated:

> I intend on my death that any property in my name and that of another as joint tenants with right of survivorship, or which is in my name as trustee for the benefit of named beneficiary, will pass to the survivor, successor trustee or beneficiary, and I instruct my Personal Representative to make no claim thereto.

At that time, Arthur and Diane owned the Cayman Islands properties in what Florida law refers to as a joint tenancy with rights of survivorship. In the Cayman Islands, this form of ownership is known as a "joint proprietorship" under that country's Registered Land Law, Section 100 (2004 Revision). Thus, as in Florida, the RLL provides that "on the death of a joint proprietor, his interest *shall vest* in the surviving proprietor or the surviving proprietors jointly." RLL § 100(1)(b) (emphasis supplied). Joint proprietors may sever the tenancy by executing "an instrument in the prescribed form signifying that they agree to sever the joint proprietorship, and the severance shall be completed by registration of the joint proprietors as proprietors in common in equal

---

[1]Judge Moody, who entered the order on appeal, was not the judge who presided over the dissolution case and entered the final judgment.

shares and by filing the instrument." RLL § 100(3); see also Form RL 18-Severance of Joint Partnership, eForms, Cayman Land Info, http://www.caymanlandinfo.ky/eForms/tabid/64/Default.aspx (last visited on Jan. 14, 2016)  (to be filed with the Registrar of Lands, Cayman Islands), website of the Lands & Survey Department, part of the Ministry of Planning, Lands, Agriculture, Housing and Infrastructure in the Cayman Islands; Support for Form RL 18: Severance of Joint Proprietorship, Cayman Land Info, http://www.caymanlandinfo.ky/tabid/131/Default.aspx  (last visited on Jan. 14, 2016).

The RLL recognizes one other form of joint ownership of land, a "proprietorship in common." Proprietors in common, like tenants in common in Florida, have no survivorship rights. See RLL § 101. Notably, the Cayman Islands does not provide for a form of joint ownership corresponding to a third type recognized in Florida, that being a tenancy by the entireties. See Beal Bank, SSB v. Almand & Assocs., 780 So. 2d 45, 52-53 (Fla. 2001). Holding property in a tenancy by the entireties requires a "unity of marriage," i.e., "the parties must be married at the time the property became titled in their joint names." Id. at 52. But a married couple may also hold properties as joint tenants or as tenants in common. Id. at 53. By operation of Florida statute, a tenancy by the entireties becomes a tenancy in common upon the divorce of the owners. § 689.15, Fla. Stat. (2012); Davis v. Dieujuste, 496 So. 2d 806, 809 (Fla. 1986). The statute makes no such provision in the case of joint tenancies with rights of survivorship. Of course, there being no ownership by the entireties in the Cayman Islands, that country has no law dissolving an entireties estate upon the owners' divorce.

Thus, under both Arthur's will and Cayman Islands law, the three disputed parcels became Diane's sole property when Arthur died. Accordingly, after Arthur's death Diane filed with the registrar of lands in the Cayman Islands the required documentation, Form RLL 36 Deletion on Death of Joint Proprietor, (available on the above-referenced website), to reflect that ownership of the properties was now vested in Diane alone. See eForms, supra.

Thereafter, Curtis Ebanks, as Arthur's personal representative, filed a motion in the dissolution case to enforce the Ebankses' marital settlement agreement and the final judgment,[2] and to enjoin Diane from selling the Cayman Islands properties without court approval. Alternatively, he asked that Diane be ordered to transfer her current sole interest in the properties to a joint interest with Arthur's estate. The judge declined to order a transfer of title because the properties were outside her jurisdiction. But she posited that the divorce judgment dictated "that if one party does not wish to buy out the other party, the parties are required to sell the Cayman Islands properties and to use those proceeds to accomplish the detailed equitable distribution scheme."

This was a mischaracterization of the judgment. It is true that it provided for the distribution of the proceeds "upon the sale" of the properties. But it also stated:

> l. The Cayman Islands waterfront property shall be listed for sale for at least $1.5 million and, if an offer within 10% of that price is made, either Party may force the sale of that property. If said property is not sold by August 1, 2008, the listing price shall be reduced by 10% for a period of one (1) year, and by an additional 10% each year thereafter until the property is sold.

_____
[2]The final judgment reserved jurisdiction to enforce the terms of the judgment and the agreement.

Thus the judgment did not require that the properties be sold within a specific time. In fact, the marital settlement agreement stated that the parties would "try" to sell the properties "within a reasonable time." And while the judgment provided that "[a]t any time, either Party may buy out the other Part[y's] interest in the Cayman Islands property for one-half of any offer made by an outside Party or any sum agreed to by the Parties," it did not, as the court below suggested, require that if one did not buy out the other, the parties would be forced to sell the property immediately. Indeed, the evidence established that while Arthur was alive an offer was made to purchase two of the properties for $1.6 million, but there was no evidence that either party attempted to force a sale at that price or that either of them offered to purchase the other's interest for one-half that sum.

Significantly, neither the final judgment nor the settlement agreement required the Ebankses to alter the tenancy in which the properties were held from a joint proprietorship to a proprietorship in common, nor did any evidence establish that either of them ever contemplated doing so. Cf. Crawford v. Barker, 64 So. 3d 1246, 1257 (Fla. 2011) (noting that when a marital settlement agreement does not mandate a party to change the beneficiary of an asset, the original designated beneficiary is entitled to the property). This easily could have been accomplished simply by filing form RL 18, at a cost of approximately $60.97 U.S. per property. See Support for Form RL 18, supra (stating that no stamp duty was required on a severance of a joint proprietorship).

This court has long stated that absent an ambiguity, " 'the actual language used in the contract is the best evidence of the intent of the parties, and the plain

-5-

meaning of that language controls.' " Gibney v. Pillifant, 32 So. 3d 784, 785 (Fla. 2d DCA 2010) (quoting Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So. 2d 1000, 1003 (Fla. 2d DCA 1995)). The Ebankses' marital settlement agreement did not address what would happen to the Cayman Islands properties if one of them predeceased the other. Nor did the dissolution judgment speak to this issue. In the order under review, the court essentially rewrote the contract, inserting its theory of what Arthur would have wanted concerning ownership of the real estate. It erred in doing so. See Gibney, 32 So. 3d at 785.

Although neither the agreement nor the final judgment evinced any intent concerning the ownership of the Cayman Islands properties after a death, Arthur's will did. Essentially he restated what the law of the Cayman Islands and the law of Florida requires: he provided that property held in a joint tenancy with rights of survivorship would pass directly to the surviving tenant. He went so far as to instruct his personal representative to make no claim on behalf of the estate for any property titled in that fashion. Arthur executed the will at the time he instituted dissolution proceedings against his wife, yet he took no steps to alter the title to the Cayman Islands property so as to eliminate the survivorship rights. When a testator's intent is clear, it will be upheld. Owens v. Estate of Davis ex rel. Holzauser, 930 So. 2d 873, 874 (Fla. 2d DCA 2006); In re Wood's Estate, 226 So. 2d 46, 48 (Fla. 2d DCA 1969).

We reverse the order that granted the Estate's motion to enforce the final judgment and the marital settlement agreement against Diane, and we remand with directions to deny it. The court shall also vacate its order prohibiting Diane from

-6-

dissipating, encumbering, transferring, or selling the Cayman Islands properties. Our ruling renders moot all of the other requests for relief set forth in the personal representative's motion.

Reversed and remanded.


LaROSE and MORRIS, JJ., Concur.